## S. S. SMITH v. O. FREDERICK.

1.—The plaintiff obtained an injunction of a sale under execution, on the grounds that the sheriff had levied on valuable improved city lots for a comparatively insignificant debt, when he, the sheriff, well knew that petitioner had ample personal property and unimproved land in the county to satisfy the execution; but, admitting that petitioner had not pointed out property to the sheriff, and omitting even to designate in his petition what or where his other property subject to execution is. *Held,* that the petition presented no sufficient grounds for the injunction, and that the injunction was properly dissolved.

*Held,* further, that on dissolving the injunction the court below should have imposed on the petitioner the ten per cent. damages provided for in Art. 3935, Paschal's Digest. But, as the defendant had not complained of the omission of the court below in this respect, nor appealed from its judgment, this court would not reform the judgment, but would simply affirm it with damages for delay.

APPEAL from Bexar. Tried below before the Hon. Thomas H. Stribling.

The opinion of the court indicates the facts sufficiently.

*S. G. Newton,* for the appellant, cited Kitchem v. Crawford, 13 Tex., 523; Bourke v. Vanderlip, 22 Tex., 221; Paschal's Digest, Arts. 1405, 1407, 3775, and note.

*W. B. Leigh,* for the appellee, cited 13 Tex., 431: 14 Tex., 469; 18 Tex., 579.

MORRILL, C. J.—The plaintiff instituted proceedings by a petition addressed to the judge of the District Court, stating that defendant had caused an execution to issue from the office of the clerk of the County Court of Bexar county, upon a judgment rendered by said court for seven hundred dollars; and that the sheriff had levied upon a certain improved lot of land in San Antonio, worth twelve thousand dollars; that petitioner failed to point out property to the sheriff; that petitioner is the

owner, and possessed of personal and moveable property and uncultivated lands in Bexar county, amply sufficient to satisfy said execution, and that said sheriff was well aware of the fact, and requested an injunction of the execution.

The injunction was granted, and at the District Court was dismissed.

The question as presented to us is, was the injunction properly dismissed? The petition states that he did not point out any property to the sheriff to be levied, but alleges that he has other property, and the sheriff is aware of it. But he does not state that the sheriff knows where it is, or that he could levy on it if he did. He might have had about his person jewelry sufficient to pay the demand, and the sheriff have been aware of it. He might own real or personal estate, and have so told the sheriff, but unless he also told the sheriff where it could be found it could not be levied on. But what is still more, he does not even now point out to the sheriff any property to be levied on; and should the injunction be perpetuated, it might deprive the plaintiff of ever collecting his debt.

He shows no cause whatever why the injunction should have been granted, and there was no error in the court dissolving it. The statute, Article 3935, provides that "upon the dissolution of an injunction, either in whole or in part, when the collection of money has been enjoined, if the court be satisfied that the injunction was obtained for delay only, damages thereon shall be assessed by the court at ten per cent. on the amount released by the dissolution of the injunction." We believe the court erred in not assessing the ten per cent., as required by the statute. But as the defendant has not appealed, and does not complain, it is not our duty to alter the judgment. As we are satisfied the appeal to this court was taken for delay, the judgment is affirmed with damages at ten per cent.

Affirmed with damages.