J. R. B. BARBEE v. J. T. HEFLIN ET AL.

(No. 760, Op. Book No. 2, p. 257.)

APPEAL from Houston County. Opinion by CLARK, J.

§ 744. *Levy of execution; is valid, though made without demand upon defendant, unless, etc.* Few principles are better settled under our law than that a sheriff, or other officer to whom a writ of execution is delivered, may levy the same upon property of the defendant without a demand upon the latter to point out and designate property upon which the levy should be made, and that such levy is valid if the defendant in execution, upon being apprised of the fact, fails or refuses to point out other property sufficient to satisfy the execution. [Kingsland, Ferguson & Co. v. Harrell, *post*, p. 403; Ross v. Lister, 14 Tex. 469; Smith v. Frederick, 32 Tex. 256.]

§ 745. *Burden is upon defendant to show that he offered to point out property.* The evidence of appellee shows that a week before the levy he was requested by the sheriff to point out property, and refused, and that after the levy he did not offer to point out other property, because no one asked him to do so. The law at this juncture devolved upon him a necessity for affirmative action without awaiting further solicitation.

March 20, 1880.           Reversed and remanded.