### J. E. B. LAIRD v. WEISS BROS. ET AL.

### No. 7360.

1. **Mortgage — Instrument Sustained as a Mortgage.**—The instrument in controversy recites that Kempinski is indebted to certain persons, firms, and corporations, twenty-eight in number, in stated amounts, and as K. is "anxious to secure to the full extent of his means the payment of the aforesaid indebtedness," he constitutes Laird a trustee, to whom he sells, transfers, and delivers all of his stock of goods in a certain store house then occupied by the grantor—an invoice of which is to be attached, etc.—also his notes and accounts; which property is declared to be all owned by the grantor subject to forced sale. It is then added: "This transfer and conveyance is intended as a mortgage, to secure to the full extent of my effects the payment of the aforesaid claims." The trustee was authorized to take possession of the goods, sell same for cash, by wholesale or retail, at private or public sale, as he may deem best, and the proceeds of sales and collections he is directed to apply to payment of costs and expenses of executing the trust, and reasonable commissions to the trustee, and then to the payment of certain named preferred creditors, in certain order, "and the remainder of said above enumerated claims shall be paid without distinction or preference." The trustee took possession, and while executing the trust certain creditors brought suit to declare the instrument a statutory assignment, etc. The trial court so adjudged. On appeal, *held*, that the conveyance was a mortgage, and it was sustained as such.

2. **Mortgage as Security.**—A mortgage is a security, and whether it so declares or not, the equity of redemption remains in the mortgagor.

3. **Cases Discussed.**—Preston v. Carter Bros., 80 Texas, 388, and Johnson v. Robinson, 68 Texas, 400, discussed.

APPEAL from Bastrop.    Tried below before Hon. H. TEICHMUELLER.

*B. D. Orgain*, for appellant.—1. The debtor H. Kempinski had the right in law to preference to one or more of his creditors by mortgage or trust deed, if made in good faith, and the effect of such instrument to give preference to one or more creditors over others does not make it fraudulent. Watterman v. Silberberg, 67 Texas, 100; La Belle v. Tidball, Van Zandt & Co., 59 Texas, 292.

2. An instrument which upon its face shows that it was intended as a security for a debt or debts, is to be deemed a mortgage, although it may give power to a creditor, or even a third person, to sell the thing mortgaged and to apply the proceeds to the debt or debts secured; and where a mortgage is held to pass a legal title to the thing mortgaged, the condition of defeasance will be implied if it be not expressed.

*Labatt & Noble,* for appellees.—The petition alleges, that the instrument mentioned all the creditors of the said H. Kempinski, and that he transferred all his property to J. E. B. Laird, and that he was insolvent, and therefore the preferences contained in the instrument were void. These allegations were not denied in the pleadings or on the trial, but appellant in the court below contended the instrument was a mortgage because "so denominated in the bond," despite the direct authorities of this court to the contrary. Fant v. Elsbury, 68 Texas, 1; McIlhenny v. Miller, 68 Texas, 356; McIlhenny v. Craddock, 68 Texas, 360; McCart v. Maddox, 68 Texas, 456; Schoolher v. Hutchins, 66 Texas, 324; Cunningham v. Norton, 125 U. S., 77–79.

COLLARD, JUDGE, *Section A.*—Weiss Brothers, a firm of merchants, and others, creditors of H. Kempinski, instituted this suit in the District Court of Bastrop County against Kempinski and J. E. B. Laird, to have a certain instrument, executed by Kempinski to Laird as trustee for the benefit of certain creditors of the former, declared a general assignment under the statute, and to require the trustee to administer the same as such, instead of a mortgage, as he proposes to do and will do, unless otherwise directed by the court.

The instrument is of date November 13, 1889, and is substantially as follows: It recites that Kempinski is indebted to certain persons, firms, and corporations, twenty-eight in number, in stated amounts; and as Kempinski is anxious to secure to the full extent of his means the payment of the aforesaid indebtedness, he constitutes Laird a trustee, to whom he sells, transfers, and delivers all of his stock of goods in a certain store house then occupied by the grantor, in the town of Elgin, Bastrop County, an invoice of which is to be made and attached to the instrument as soon as it may reasonably be done; and also all his notes and accounts; which property is declared to be all the property owned by the grantor subject to forced sale. It is then added, "This transfer and conveyance is intended as a mortgage to secure to the full extent of my effects the payment of the aforesaid claims;" and the trustee is authorized to take possession of the goods, sell the same for cash, by wholesale or retail, at private or public sale, as he may deem best, and the proceeds of the sales and collections on notes and accounts he is directed to apply to payment of costs and expenses of executing the trust and reasonable commission

to the trustee, and then to the payment of certain named and preferred creditors in certain order, six in all, " and the remainder of the said above enumerated claims shall be paid without distinction or preference." There is no other stipulation in the instrument.

Upon hearing, the court declared the instrument to be a statutory assignment, and decreed the attempt to prefer creditors to be null and void. The judgment proceeds: "And it further appearing to the court that the defendant, before the hearing of this cause, had executed the trust by distributing the proceeds of all the goods that had come into his hands among the preferred creditors, in pursuance of the terms of the instrument conveying the goods to him; and nothing in this decree shall prejudicially affect the rights and liabilities of either the plaintiffs or defendant on account of said distribution and payment by said defendant; and that plaintiffs pay all costs of this suit." To which judgment the defendant J. E. B. Laird, by attorney, then and there in open court excepted and gave notice of appeal, etc.

Besides the instrument of trust, the only evidence before the court was, that Laird, immediately after the execution of the same, accepted the trust, took possession of the property transferred to him, sold the goods, and " paid over the proceeds thereof in pursuance of the power conferred upon him in said instrument." None of the property, nor of its proceeds, was in his hands at time of trial. The statement of facts also shows, " that said trust has been fully discharged by him; that $230, proceeds of the goods, was paid out by him before the filing of this suit, and that the balance of said proceeds [was] paid out after the suit was filed and service thereof had upon him."

Plaintiffs' claims were proven up under the assignment law, and Laird was notified of the fact after the institution of the suit, " but not until after he had paid out all the proceeds under the powers and directions given him under the said instrument."

There are several assignments of error bringing in question the conclusion of the lower court, that the instrument was an assignment under the laws of this State.

The instrument was evidently a mortgage with a power of sale. Its object and its terms as expressed make it a *security* for the debts named. It does not stipulate that any residue left over in the hands of the trustee after payment of the debts as directed should be returned to the debtor, but the law would do this, if a mortgage was intended. The expressions in the instrument, that the purpose of its execution was " *to secure* " the payment of debts, and the emphatic statement that it was " *intended as a mortgage to secure* " debts, leave no room for argument.

A mortgage is a security, and whether it so declares or not, the equity of redemption remains in the mortgagor. The instrument is not similar to those in the cases of Preston v. Carter Bros., 80 Texas, 388, and John-

son v. Robinson, 68 Texas, 400. In those cases the instruments under consideration were not only absolute conveyances, but there was no intimation that they were intended as a security for debt. In the last case cited, Justice Gaines says: "A mortgage being merely intended as a security for debt, gives, under our system, merely a lien upon the property, with or without a power of sale, leaves an equity of redemption in the mortgagor, and the surplus, if any after the payment of the debt, within the reach of his creditors by due course of law." An instrument may contain all the terms of an absolute conveyance, and yet if it is apparent from its terms that it was intended as a security for debt, it will be treated as a mortgage. Whether a security or not, is the criterion.

The case of Preston v. Carter Bros. is not opposed to this, but, on the contrary, recognizes the same principle of security for debt as of controlling effect, as was done in the case of Johnson v. Robinson.

The deed before us leaves no room for construction. It expressly declares its object and intention. The courts can not gainsay it. It should be noted also in this connection that the deed of trust does not purport to provide for all the debtor's creditors, nor does the testimony show the fact. Stress was laid upon this provision of a general assignment in the case of Fant v. Elsbury, 68 Texas, 7, and under the circumstances of the case before us the want of such provision is important. It aids us in reaching the conclusion that no general assignment was intended for the benefit of all creditors (Sayers' Civil Statutes, article 65a), or for accepting creditors.

The instrument was a mortgage, and by it, it was lawful to prefer creditors. This being our conclusion, it follows that the judgment of the lower court should be reversed and rendered for defendant Laird, declaring the instrument a mortgage.

<i>Reversed and rendered.</i>

Adopted May 31, 1892.