E. W. Taylor v. Missouri Glass Company et al.

No. 546.

**1. Mortgage, Instrument held such, and not an Assignment.—** An instrument conveying to a trustee a stock of goods " for the better securing the payment of the following notes, accounts. claims, and demands in the manner as hereinafter set out, and owing by me," the grantor, contains an implied condition of defeasance, and is therefore a mortgage and not an assignment. Following Laird v. Weiss, 85 Texas, 93.

**2. Conveyance by Partner in Fraud of Firm Creditors.—** A conveyance of the entire firm assets by one of the partners for the benefit of the other, equally liable, can not avail against firm creditors.

**3. Same—Pretended Dissolution—Charge of Court.—** See the opinion for facts held to warrant a charge on the theory that a pretended dissolution of the firm, and a subsequent conveyance of its assets for the benefit of the retiring partner, were in fraud of its creditors.

**4. Fraudulent Conveyance — Fictitious Claims. —** In a conveyance ostensibly to secure firm creditors, the first preferred creditor, who was a lately retired partner of the firm, was in fact the sole beneficiary. *Held*, that if any of the claims listed therein as due to such beneficiary were fictitious and simulated, and intended to cheat and delay creditors, the conveyance was thereby vitiated as to the other bona fide creditors attacking it, and the court properly so charged.

Appeal from Wilbarger. Tried below before Hon. G. A. Brown.

*C. W. Cook*, for appellant.—1. Firm creditors have no lien on firm property except such as may be worked out through the lien which each partner has to secure himself; and when the firm is dissolved the lien is lost if not expressly retained by the partners.    Willis v. Heath, 18 S. W. Rep., 803; Willis v. Satterfield, 20 S. W. Rep., 159.

2. A conveyance which contains no defeasance and passes the property absolutely to a trustee, to be administered and applied first to preferred debts and the balance to other debts, is not a mortgage nor an assignment under our statute, but is a valid common law assignment.    Johnson v. Robinson, 68 Texas, 399.

3. Any firm, whether solvent or insolvent, or any individual member of such firm, with the consent of the other members, may make a valid transfer of the firm property for the purpose of preferring individual over firm creditors, provided the transfer is made in good faith to pay an honest debt, and such conveyance is not fraudulent.    Kittrell v. Blum, 77 Texas, 337; Ellis v. Valentine, 65 Texas, 532; Baldwin v. Peet, 22 Texas, 714; Oppenheimer v. Halff & Bro., 68 Texas, 409; Lewy v. Fischl, 65 Texas, 301.

*Stephens, Huff & Camp*, for appellees.—1. If the sale by R. M. McFarlin to his brother of his interest in the partnership effects was simulated and the firm not yet dissolved, or if the sale was made on the part of R. M. and B. P. McFarlin to defraud their firm creditors, the property would be subject to the attachments of appellees.    Cleveland v. Battle, 68 Texas, 111; Keller v. Smalley, 63 Texas, 520.

2. If B. P. McFarlin transferred goods in question to Taylor for the purpose of defrauding the creditors of the firm of B. P. McFarlin & Co., the same would be fraudulent and void as to such creditors.    If the appellant desired the court to instruct the jury on any other phase of the case, or on a theory of his, he should have asked special charges on such theory, if not fully presented in main charge of the court.    Cockrill v. Cox, 65 Texas, 669; Railway v. Leak, 64 Texas, 654; Railway v. Ice Co., 64 Texas, 578.

3. If any part of the consideration for a transfer is unreal or fictitious, such transfer is voidable when attacked for fraud by other creditors. Blair v. Finlay, 75 Texas, 211; Brasher v. Jamison, 75 Texas, 139; Freybe v. Tiernan, 76 Texas, 287.

STEPHENS, ASSOCIATE JUSTICE.—Appellees, as creditors of B. P. McFarlin & Co., a firm composed of B. P. McFarlin and R. M. McFarlin, seized under attachment, on the 19th day of December, 1890, a stock of queensware in the town of Vernon, which was afterwards, on the 23rd of December, 1890, delivered by the sheriff, upon claimant's bond and affidavit, to appellant, who set up title as trustee under a deed of trust made

on the 10th day of December, 1890, by B. P. McFarlin, conveying the entire stock in trade to said Taylor in trust, as therein expressed, "for the better securing the payment of the following notes, accounts, claims, and demands in the manner as herein after set out, and owing by me."

This instrument made R. M. McFarlin a preferred creditor above all others in the sum of $2500, the full value of the stock of goods, and after him certain other individual creditors of B. P. McFarlin, for whom R. M. McFarlin was surety. It placed appellees, the firm creditors, in the third and last list, providing for a pro rata distribution among them, which was an empty provision, as the goods were not sufficient to pay the prior claims. At the date of this instrument B. P. McFarlin was clearly insolvent, and probably R. M. McFarlin also.

There was a pretended dissolution of this firm, and a conveyance by R. M. McFarlin of all his interest in the stock of goods to B. P. McFarlin, in October or November, 1890, and the evident purpose of the conveyance to appellant, taken in connection with the pretended dissolution, was to hinder, delay, and defraud the firm creditors; that is, the verdict of the jury is sustained by the evidence in so finding. The verdict is also sustained as to the value of the goods.

The first assignment of error assails the charge of the court. In disposing of this assignment, we must first determine whether the instrument in question is a mortgage with a power of sale or an assignment. It must be admitted that the distinction between these two classes of conveyance has been very finely drawn in this State. Johnson v. Robinson, 68 Texas, 399; Boyd v. Haynie, 83 Texas, 7; Foreman v. Burnette, 83 Texas, 396; Laird v. Weiss Bros., 85 Texas, 93. If the instrument contains either an express or implied condition of defeasance, it is held to be a mortgage. In the case last cited it was decided that a provision in such conveyance, that it was made to secure the payment of the debts therein provided for, implied a condition of defeasance. The language quoted above from the instrument in question brings it, we think, within that decision; and we therefore hold it to be a mortgage, and not an assignment.

The first paragraph of the charge, justifying the attachment by the firm creditors, provided the jury found that the partnership had not been dissolved, seems to us to be correct when applied to the facts of this case. A conveyance of the entire firm assets by one of the partners for the benefit of the other, equally liable, can not avail against firm creditors. The second and third paragraphs of the charge, submitting the issue of fraud involved in the dissolution and subsequent conveyance to appellant, were undoubtedly correct, if the instrument be construed as a mortgage.

The fourth paragraph instructed the jury, that if any of the debts mentioned in the transfer were not at the date of its execution subsisting,

bona fide claims against B. P. McFarlin, but were fictitious and simulated, and inserted therein to hinder, delay, cheat, or defraud his bona fide creditors, or the creditors of the firm, they would find against the claimant.    Whether this would be a correct charge as against a bona fide creditor whose claim has been secured by a deed of trust accepted in good faith by him, without any knowledge of the fictitious character of some other claim secured by the same instrument, we do not find it necessary to decide.    In such case it may be that the instrument should be construed as creating several liens, and not as one inseparable conveyance. In this case, however, it appears that R. M. McFarlin was the only person to be substantially benefited by the conveyance; that he actually received all the proceeds of the sale of the goods, and if any debts were fictitious, they were the debts secured to him.    No other creditor has sought to reap any benefit from the conveyance.

We are therefore of opinion that the charge, as applied to the facts of this case, was not erroneous.    In fact, we incline to the opinion that this case comes within the rule laid down in Cleveland v. Battle, 68 Texas, 111, and that errors in the charge would not require a reversal of the judgment.    There was no error in refusing to submit to the jury special issues, as requested by appellant.

The conclusions already stated dispose of all the errors so assigned as to require consideration, and lead to an affirmance of the judgment.

*Affirmed.*

Delivered February 21, 1894.