### W. P. ALEXANDER ET AL. V. BANNER BROS. ET AL.

#### No. 1746.

1. **Judgment—Action to Enjoin—Insufficient Grounds—Diligence.**—In an action to enjoin a judgment and seeking a retrial of the issues involved therein, petitioners alleged that, as defendants in the judgment, they were only sureties, and should not be bound by the judgment, because of an alleged extension of the time for the payment of the debt merged therein, made without their knowledge or consent, long prior to its rendition, but no diligence was averred to excuse their delay in making discovery of that fact. *Held*, that the petition was devoid of merit.

2. **Homestead—Injunction to Restrain Sale of.**—The mere allegation that a paper levy has been made upon the homestead, and that its sale thereunder will cast a cloud upon the title, will not authorize a court to restrain the sale by injunction, where no facts are stated showing how such sale will becloud the title.

3. **Injunction Against Execution Sale—Pointing Out Property.**—A petition to enjoin a sale on the ground that the statutory right of defendant in the execution to point out property had been denied him, but which fails to allege any tender to the sheriff of other property subject to execution, or any other steps to obtain relief before applying for injunction, is insufficient.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Stephens & Huff* and *Camp & Alexander*, for appellants.—1. The levy of a writ of execution upon a homestead creates a cloud upon the title thereto, and an injunction will lie to restrain further proceedings thereunder, and is the proper remedy. Stein v. Freiberg, 64 Texas, 271; Freeman v. Hamblin, 1 Texas Civ. App., 164; 1 W. & W. C. C., sec. 1061; 18 Fla., 872; 2 Freem. on Ex., secs. 438, 439; 1 High on Injunc., secs. 248, 372, 438.

2. The petition showed that the sureties on the note of D. M. Alexander to Banner Bros. had been released by Banner Bros. extending the time of payment thereon for a valuable consideration, without the knowledge or consent of the sureties, which they had not ascertained until long after the judgment, and without fault on their part, set up new and equitable matter which had not been passed on by the County Court or Court of Civil Appeals, and which by the sureties could not have been set up on the trial, they having no knowledge thereof, which matter is properly cognizable in the District Court, it being the only court of general chancery powers. Burke v. Cruger, 8 Texas, 69; 1 High on Injunc., secs. 133, 220; 2 Id., secs. 1375, 1376; 10 Am.

and Eng. Encyc. of Law, 906; Dey v. Martin. 78 Va., 1; 16 Ga., 398; Foster v. Wood, 6 Johns. Ch., 86.

*Frank McGehee* and *Easton & Rosser*, for appellees.—Before equity can be appealed to and an injunction invoked, there must be a necessity therefor, and the mere fact that an execution, through inadvertence it may be, has been levied on a homestead, is no ground for an injunction. High on Injunc., secs. 438–441; Gardener v. Douglass, 64 Texas, 76.

STEPHENS, Associate Justice.—This case went off on demurrer. The petition of appellants sought a retrial in the District Court of issues necessarily involved in a judgment previously rendered in the County Court, and affirmed in this court. That judgment was against D. M. Alexander and some of the appellants herein, the judgment of this court being against the other appellants also as sureties on the supersedeas bond.

The petition alleged that, as defendants in the judgment, appellants were but sureties for D. M. Alexander, and that they should not be bound thereby because of an alleged extension of the time for the payment of the debt merged therein, made without their knowledge or consent long prior to its rendition, but not discovered by them until after it was rendered. No facts of diligence were alleged to excuse the delay in making this discovery, the petition being sworn to by D. M. Alexander himself (who is alleged to have obtained the extension), as the agent and attorney of appellants.

Manifestly the petition on the main issue in the case was devoid of merit, and the demurrer was properly sustained. The preliminary injunction against said judgment was therefore properly dissolved on motion, for want of equity on the face of the petition.

The contention on the part of the sureties in the supersedeas bond, that the defectively recorded abstract of judgment, which they assumed to be good without investigation, induced them to sign the bond, hardly requires mention, much less serious consideration.

Two of the appellants sought severally to enjoin the sale of certain lots of land, on the ground of homestead exemptions. The allegations on this subject were in the terms following:

"And further complaining herein, plaintiff R. C. Johnson alleges and shows to the court, that lots 6, 7, and 8, block 53, O. T. & R. A., Vernon, Texas, levied on as hereinafter shown, is his homestead, and was at the time of said levy, and is exempt property under the laws of this State; that it was then and is now occupied as a homestead; that he is and was at the time of said levy a married man and the head of a family, and that said levy upon said lots was instigated by the attorney of defendants, who well knew it was plaintiff Johnson's homestead at the time of said levy, and that it was done for the malicious purpose of casting a cloud upon the title to said lots, and that it

will cause irreparable damage to this plaintiff; and plaintiff C. Rowan alleges, that he only owns the west 200 acres of section 95, block 14, levied on as below shown, and claims that as his homestead and as exempt property under the laws of this State; and that he is and was at the time of the levy thereon a married man and the head of a family, and had nor claimed no other homestead at the time of said levy."

After describing various other properties levied on, the petition contains the further allegation: "Plaintiffs allege, that the sale of the above mentioned real estate will cast a cloud upon their title thereto, causing them much and vexatious litigation, and cause them irreparable injury." No other allegations are found in the petition bearing upon this subject.

It will thus be seen that it is not disclosed in whose names the record titles to these homesteads stood, whether in the names of the husbands or the wives, nor how sales under executions against the husbands would cloud the titles. Clearly, if the deeds on record showed them to be the separate property of the wives, levies thereon under execution against the husbands could in no manner cloud the titles thereto.

Though loose expressions may be found in the books to that effect, no sound reason can be given for holding that the mere allegation that a paper levy has been made upon the homestead is sufficient to call into exercise the equitable powers of a court, in order to restrain its sale by injunction. The petition should go farther and allege a threatened sale, under circumstances casting a cloud upon the title. This should be made to appear from the facts stated, and not by the mere conclusions of the pleader. Mann v. Wallis, 75 Texas, 611.

As a further ground for injunction, some of the appellants allege that the statutory right of a defendant in execution to point out property had been denied them, but it was not alleged that any effort had been made to prevent a sale of any of the property levied on by a tender to the sheriff of other property subject to execution, nor that any other steps had been taken to obtain relief, before applying to a court of equity for an injunction. In this respect, also, the petition was without merit. 14 Texas, 469; 32 Texas, 256; 1 W. & W. C. C., sec. 739.

In conclusion, we have the case of five defendants in a judgment rendered in the County Court seeking to enjoin that judgment, in order to have its issues retried in the District Court, without showing sufficient grounds for a new trial even; and then seeking severally by the same petition to enjoin the sale of separate pieces of property, without showing any necessity for a resort to a court of equity for relief by injunction. The court, therefore, did not err in dissolving the injunction and dismissing the petition for want of equity, appellants declining to amend.

The judgment is affirmed.

*Affirmed.*

Delivered March 6, 1895.