**WALKER v. WILMORE.** (No. 69–2829.)

(Commission of Appeals of Texas, Section A. June 11, 1919.)

1. CHATTEL MORTGAGES ☞34 — ABSOLUTE CONVEYANCE AS MORTGAGE—CONSTRUCTION.

Though an instrument may contain all of the terms of an absolute conveyance, if it is apparent from the language used that it was intended as security for a debt, it will be treated as a mortgage.

2. CHATTEL MORTGAGES ☞34—BILL OF SALE AS MORTGAGE—"REPAY."

A bill of sale covering two race horses, but providing in a separate defeasance clause that, if the seller should within ten days repay the recited consideration, etc., *held* to be a chattel mortgage, and not a sale; "repay" meaning "to pay back; to refund; as, to repay money borrowed or advanced."

[Ed. Note.—For other definitions, see Words and Phrases, Repay.]

3. CHATTEL MORTGAGES ☞34—BILL OF SALE AS MORTGAGE—CONSTRUCTION—VALIDITY OF PROVISIONS.

That a bill of sale contains a stipulation that the title to the property is to become absolute on default of the repayment by the seller of the consideration does not prevent the instrument from being construed as a chattel mortgage; such provision being ineffectual, as oppressive to creditors and contrary to public policy.

4. CHATTEL MORTGAGES ☞40—BILL OF SALE AS MORTGAGE—CONSTRUCTION AS QUESTION FOR JURY.

Where it clearly appears from the language of a bill of sale that it is intended as a mortgage, it is error to leave its construction to the jury.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by George C. Walker against R. W. Wilmore. Judgment for defendant was affirmed by the Court of Civil Appeals (174 S. W. 921), and plaintiff brings error. Reversed and remanded, as recommended by the Commission of Appeals.

John T. Hill, of El Paso, for plaintiff in error.

Jones, Jones & Hardie, of El Paso, for defendant in error.

STRONG, J. This action was brought by the plaintiff, George C. Walker, against R. W. Wilmore for the possession of two race horses, valued at $2,500. The trial in the lower court, before a jury, resulted in a verdict and judgment in favor of defendant, which was affirmed by the Court of Civil Appeals. 174 S. W. 921.

The defendant claimed title to the property under the following written instrument, to wit:

"Know all men by these presents that I, George C. Walker, at present residing in the city of El Paso, Texas, for and in consideration of the sum of one hundred and fifty dollars to me paid by R. W. Wilmore, the receipt of which is hereby acknowledged and confessed, have bargained, sold, and by these presents do bargain, sell, and deliver unto the said R. W. Wilmore, at present residing in the city of El Paso, Texas, the following personal property, to wit:

"A certain bay filly, Jumelia, three years old, both hind legs up half way to hock white, with black spots around both coronets, mixed with white; both front feet up to ankles white, with black spots mixed in; narrow white stripe running down over right nostril.

"Also one bay filly, Stella Grain, three years old, containing no marks.

"And I do hereby, for myself and my heirs, executors, administrators, and assigns, covenant to and with the said R. W. Wilmore, his heirs, executors, administrators, and assigns to warrant and defend the title to said property before mentioned against the lawful claims of any person or persons whomsoever forever.

"Witness my hand this the 13th day of March A. D. 1914. [Signed] George C. Walker.

"Whereas, I, George C. Walker, have this day sold to R. W. Wilmore my certain bay filly, Jumelia, and my certain bay filly, Stella Grain, for the sum of $150 to me paid by the said R. W. Wilmore, the receipt of which is hereby acknowledged, and

"Now it is understood and agreed by and between R. W. Wilmore and myself that, should I within ten days repay to the said R. W. Wilmore the sum of $150 then the said R. W. Wilmore agrees to reconvey said horses to me, but should I fail within ten days to pay to said R. W. Wilmore the said $150, then, in that case, said R. W. Wilmore by virtue of said sale shall have the right of complete possession in the title which I have vested in him by said bill of sale.

"[Signed] Geo. C. Walker.
"R. W. Wilmore."

[1, 2] The only question for review is whether or not the trial court erred in refusing to give to the jury the following charge requested by the plaintiff, to wit:

"You are charged that the instrument in evidence shows upon its face that it is a chattel mortgage, and the only question for your determination is whether or not a tender of the money due was made and possession of the horses demanded."

We think the charge should have been given. It is well settled that, though an instrument may contain all of the terms of an absolute conveyance, if it is apparent from the language used that it was intended as security for a debt, it will be treated as a mortgage. Laird v. Weiss, 85 Tex. 96, 23 S. W. 864. The language of the instrument in question, to the effect that if Walker should within ten days "repay" the $150, etc., clearly indicates the relationship of the debtor and creditor. "Repay" means "to pay back; to refund; as, to repay money borrowed or ad-

vanced." Webster's Dict. In the case of Stephens v. Sherrod, 6 Tex. 294, 55 Am. Dec. 776, a stipulation which bound the grantee to reconvey the property if the grantor should repay the consideration before a specified date was treated as being equivalent to a formal defeasance agreement, rendering the transaction a mortgage. The only difference in the instrument under consideration and a mortgage in its ordinary form is that the conveyance and defeasance, instead of being in one, are in separate instruments. This is a difference in form only. The instruments were executed at the same time, and had reference to the same property, and must be regarded and construed in law as parts of one and the same instrument. Thus construed, it is clear that the instrument is a chattel mortgage.

[3, 4] The language used shows that it was executed for the purpose of securing the payment of a debt, and it contains a condition of defeasance if the debt is not paid at maturity. The stipulation that the title to the property is to become absolute on default of the payment of the debt does not change the character of the instrument. Such a provision is held ineffectual, as oppressive of creditors and contrary to public policy. Soell v. Hadden, 85 Tex. 188, 19 S. W. 1087. It clearly appearing from the language of the instrument itself that it was intended as a mortgage, the trial court erred in leaving its construction to the jury. Laird v. Weiss, 85 Tex. 93, 23 S. W. 864; Lessing v. Grimland, 74 Tex. 239, 11 S. W. 1095; Stephens v. Sherrod, 6 Tex. 294, 55 Am. Dec. 776; Taylor v. Glass Co., 6 Tex. Civ. App. 337, 25 S. W. 466; Williams v. Bank, 22 Tex. Civ. App. 581, 56 S. W. 261.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial in accordance with the views herein expressed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.

---

&#8257;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes