Ross v. Lister.

RAVENAH ROSS v. T. H. LISTER AND ANOTHER.

Property reserved by law for the family and exempt from execution, is not subject to be levied on, though with the consent of the head of the family ; and therefore, where such property is pointed out by the defendant in execution, the Sheriff cannot properly receive it.

Where the defendant in execution seeks to enjoin a sale under the execution, on the ground that the levy was made in violation of his right to point out property, he must show that he pointed out or offered as a substitute other property, liable to execution, sufficient to satisfy the execution ; or, if such other property is insufficient, that he requested the Sheriff to levy on it also, and sell it before selling the property which he desired to reserve ; and that the Sheriff, in either case, refused.

See this case for what is said about property which is pointed out by the defendant in execution, being unincumbered.

It seems that where a defendant in execution proposes to exercise his right to point out property, he must put the officer in possession of it, by such act of giving possession as the nature of the case will reasonably admit of. He must give that officer the control of the property, for the purpose of the sale and delivery of it to the purchaser.

This Court will not in general, revise the judgment of the District Court in giving or refusing damages upon the dissolution of an injunction, unless there shall appear to have been manifest error or mistake of law.

Error from Shelby. Injunction by the plaintiff in error to enjoin the sale of property taken in execution by the Sheriff, on a judgment in favor of the defendants in error. The ground alleged was that the levy had been made in violation of the defendant's right to point out property.

The execution was for $191 97½, and was issued March 13, 1853. It appears that the Sheriff, on the morning of the 15th March, accosted the defendant in execution near the Court-house in the town of Shelbyville, and demanded payment of the execution or a levy ; that the defendant replied that he would give a levy. The defendant did not start immediately, or propose to the Sheriff to go then and receive the property. The Sheriff made no reply, but went directly to the attorney of the

plaintiff in execution, and reported what the defendant had said; whereupon the said attorney insisted that the Sheriff should immediately make a levy, and pointed out a slave, at work about fifty yards from the courthouse, belonging to the defendant, and required the Sheriff to levy on said slave, which he accordingly did. The levy was made " some two or three hours" after the Sheriff had called on the defendant, as aforesaid; "about or just before dinner time." The defendant resided in Shelbyville, about three hundred yards from the courthouse, and was, as the Sheriff supposed, at his house when the levy was made. In the afternoon of the same day, the attorney of the defendant went to the Sheriff, and offered to point out other property, if he would release the slave, to wit: a horse and buggy, (which he said were at the defendant's house, pointing to where the defendant resided,) and a house and lot in Shelbyville, called the yellow house, and another house and lot in town, describing it, and two hundred acres of land; said attorney had some papers in his hands, which he said were the title papers to the said lots and land, but the witness (the Sheriff) did not recollect that he had read them; he did not ask to see them; did not think any particular two hundred acres of land were mentioned. The one house (not the yellow house) and lot was worth about $25. The defendant was a married man, and had but the one horse, (which was worth from $125 to $150,) and did not have a yoke of oxen. The yellow house had been sold by the Sheriff a short time before, under an execution against the defendant; but the defendant had contracted with the purchaser to redeem it, and had paid part of the money, but it did not clearly appear that the redemption was complete at the time of the defendant's offer to point out. The yellow house was worth from $300 to $350; the buggy, from $80 to $100, or $125; the other house had sold for less than $25 to $40, to $80. The attorney of the defendant did not have the title papers for the two hundred acres of land with him when he offered to point out—nor did it appear from the testimony, where said land was situated. There was a

prior judgment against the defendant for $201 and costs of suit; and the Sheriff had at the time, an execution against the defendant and others for about $44 and costs of suit. The Sheriff testified that he was present, on the 16th, when the redemption of the yellow house was perfected by the defendant, by paying balance due for that purpose, and that he afterwards, on the same day, offered to levy on it, and release the slave, but that the defendant remarked that he "had taken the case up." The attorney for defendant testified that on the evening of the 16th or morning of the 17th, he again offered to give the Sheriff a levy on said horse, buggy, houses and lots and land, if he would release the slave; which the Sheriff refused. The injunction was allowed on the 17th. The Court instructed the jury as follows:

The plaintiff Ross had the right of pointing out property to satisfy the execution; and the Sheriff should have demanded a levy of Ross, or have used reasonable diligence to make such demand. If no such demand was made, or reasonable diligence used to make such demand, the Sheriff should have released such levy on the negro, if requested in a reasonable time so to do by Ross, upon a tender by Ross, of property belonging to him, of sufficient value to satisfy the execution; and if you so find the facts, you will find a verdict in plaintiff's favor.

To constitute a tender, if on land, such land must lie in this county, and must belong to Ross, and the title papers, if demanded, must have been exhibited to the Sheriff, showing title in Ross; if on personal property, the property must have been present, so that the Sheriff could have taken possession of the same.

But if you find that the Sheriff demanded a levy, and that Ross either refused or neglected to point out property to be levied on, it then became the duty of the Sheriff to levy the execution, first on personal property, other than slaves, and secondly upon uncultivated lands, if he knew any such to belong to Ross and the same was of value sufficient to satisfy the execution; and a levy upon the negro, with a knowledge,

by the Sheriff, of the ownership of such property by Ross, should have been released upon a tender, as before described, of other property ; and a refusal of the Sheriff, in such case, entitles the plaintiff to a verdict.

But if Ross had not sufficient personal property and uncultivated lands to satisfy said execution, at the time of the levy, or if he had sufficient personal property and uncultivated lands to satisfy the same, but the Sheriff, on reasonable enquiry, was not apprised of it, you will find for the defendants.　Or if you find that the Sheriff, after having levied the execution, and before the issuance of the injunction, offered to release the same if Ross would point out other property, but that Ross refused to give up property to be levied upon, you will find for defendants.

If you find from the testimony any judgment or judgments against said Ross, older than the judgment upon which the execution was issued in this case, rendered by the District Court of this county, which judgment may not have been rendered more than six months at the time of the levy, or if older than six months, but find that execution had issued successively from each subsequent term of the Court, such judgment would constitute a lien on all the lands of Ross in this county, and unless such lands were of value sufficient to satisfy said judgment and also leave a surplus, such lands nor any part thereof, was subject to the satisfaction of the execution in this case, and the Sheriff should not have levied the same upon such lands, either in the first instance, or when afterwards requested by Ross, (if any such demand was made.)

Or if the horse was the only horse owned by Ross, and he had no yoke of oxen, the Sheriff, after demanding a levy, (if in fact he did demand one,) ought not to have levied upon the horse, before levying upon the negro, but a levy upon the negro instead of the horse was legal.

The plaintiffs asked the Court to charge the jury :

1st.　That when a defendant in execution is applied to to point out property to be levied on to satisfy the execution, he

has a reasonable time to select such property, and point it out, as he prefers should be sold to pay the same, the same belonging to him.

2d. That where the defendant in an execution is applied to and requested by the Sheriff to point out property to satisfy the same, and expresses his willingness to do so, and shows no disposition to neglect to point out, the plaintiff in the execution has no right to point out property, unless the Sheriff has informed the defendant that he must point out the property without delay, or that he cannot wait, or in some other language informed the defendant in execution, that he is not satisfied with his barely consenting to point out.

(By the Court. Given instead of No. 2: Plaintiff had no right to point out the property to be levied upon, in any event.)

3d. That if the jury believes from the testimony, that Ross, the plaintiff, expressed his willingness to point out property to the Sheriff to satisfy the execution, he was entitled to a reasonable time to reflect and select such of his property as he preferred to have sold, unless the Sheriff insisted on his pointing out immediately, or unless the Sheriff in some way expressed his wish to Ross that he wished him to act at the time. (By the Court. Refused because given in No. 2.)

4th. The defendant in execution has the right, and may levy on his saddle horse and the same may be sold to satisfy the execution, though it be the only horse defendant owns. (By the Court. Refused.)

Verdict and judgment for the plaintiffs in the execution.

*Henderson & Jones,* for plaintiff in error.

*O. M. Roberts,* for defendants in error.

WHEELER, J. We are of opinion that the Court did not err in holding that property reserved by law for the family and exempt from execution, was not subject to be levied on or

taken in execution, though with the consent of the head of the family. The fact that the horse in question was so exempted, was a sufficient excuse for the Sheriff, for refusing to levy upon the horse. The two houses and lots were subject to the lien of former judgments ; besides, one of them did not, at the time, belong to the defendant in execution ; and the other was not of value sufficient to satisfy the execution, or any considerable portion of it. And as to the two hundred acres of land there was an entire failure of proof. The only remaining property, and indeed the only property unincumbered, which the defendant appears to have had subsect to execution, besides the negro which was levied on, was the buggy ; and this was not of value sufficient to satisfy the execution. The defendant, therefore, having had the opportunity afforded him, of pointing out, and having failed to designate a sufficiency of other property, it became the duty of the Sheriff to levy the execution upon such property of the defendant as he could find, which was subject to execution, and the levy upon the negro was therefore legal and proper, though the other property had been previously tendered by the defendant, to be levied on, it not being sufficient. But it is said, that though the property tendered (the buggy) may not have been sufficient to satisfy the execution, still the Sheriff should have received and first sold it, and applied the proceeds as far as they would go in satisfaction of the execution, before selling the slave ; and in this we should agree with counsel, if the tender of the buggy had not been coupled with the condition of releasing the levy upon the slave. But, as it was insufficient, the officer was not authorized to accept it with that condition. If a sufficiency of other property had been tendered, even after the levy upon the slave, it ought to have been accepted as a substitute, any time before advertisement of the sale; or if less than sufficient had been tendered unconditionally, it should have been received, and the proceeds of its sale first applied in satisfaction in so far, of the execution. But the officer was not at liberty to release the levy upon the slave, unless a sufficiency of other property had been

Ross v. Lister.

tendered; and as there was not, he was acting clearly within the line of his duty, to retain the levy upon the slave. And this opinion disposes of the only question in the case; which is, whether the slave was rightfully taken in execution, under the circumstances. We are of opinion that he was; and in the view we have taken, it is not material to inquire whether there was error in the charge as to what would be a sufficient tender, or pointing out of property by the defendant in execution; since it is evident a sufficiency of property was not pointed out in any manner, and that which was pointed out was coupled with a condition, which the officer could not accept. Unquestionably the party exercising the privilege of pointing out property, must, if required, put the officer in possession of it, by such act of giving possession as the nature of the case will reasonably admit of. He must give the officer the control of the property, for the purposes of the sale and delivery of it to the purchaser. But in this case, there was no question between the officer and the defendant in execution, as to the possession of the property pointed out. But the question was as to its sufficiency to satisfy the execution, and excuse the officer from making or retaining the levy upon the slave. As it evidently was insufficient, the question was rightly adjudged against the defendant in execution.

This Court will not, in general, revise the judgment of the District Court in giving or refusing damages upon the dissolution of an injunction; unless there shall appear to have been manifest error or mistake of law (Fall v. Ratcliff, 10 Tex. R. 291,) which does not appear in the present case. The judgment is affirmed.

Judgment affirmed.