JOE GLOVER v. THE STATE.

No. 7162.  Decided November 22, 1922.

1.—Transportation of Intoxicating Liquor—Companion Case—Burden of Proof.

The manner of trying the instant case places the burden upon the State to show that the transportation of the intoxicating liquor came

within none of the exemptions and exceptions named in the statute, and the matter of the location of the still, etc., where defendant and his companions were found in possession with a quantity of intoxicating liquor was competent evidence upon the issue of the intent or purpose for which the whisky was transported. Following Land v. State, recently decided.

### 2.—Same—Evidence—Confession—Rule Stated.

The statute on confession not only forbids the introduction of the words of the defendant spoken while he is under arrest and unwarned, not coming within any of the exceptions named in the statute, but it also forbids the introduction of the acts of the accused when introduced as criminative evidence against him, and this in the instant case is reversible error.

### 3.—Same—Rule Stated—Confession.

The general rule is that the State may not prove the defendant's guilt by his acts while under arrest, unless they are done under circumstances which bring them within the exceptions to the statutes on confessions. Footprints and flight, and perhaps other cases are exceptions to the general rule.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully transporting intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. C. Nicholson* and *Cecil Storey,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

This case is a companion to that of Land v. State, No. 7164, this day decided.

The appellant, Land, and one Claybrook, were arrested while riding in an automobile in which there was a quantity of corn whisky and also some arms. The arrest was made at night. In the afternoon preceding the arrest, the officers who made the arrest, had visited the locality and found situated at a point some four hundred yards from the place at which the arrest was made, a still, a tent, camping equipment and a quantity of mash. There were indications that the camp had been recently occupied and the still used for manufacturing intoxicating liquor. The officers left their car at this point and took a station along the road and intercepted the accused and his companions and arrested them. After the arrest, appellant and Land were handcuffed together. Claybrook and one of the officers got into the automobile in which the appellant and his companions were

riding and all parties went to the point where the still and tent was located.

As we have indicated in Land's case, the court, by the manner of trying the case, put the burden upon the State to show that the transportation of the intoxicating liquor came within none of the exemptions and exceptions named in the statute; and the location of the still, its proximity to where the appellant and his companions were found in possession of a quantity of corn whisky are relevant and competent evidence upon the issue of the intent or purpose for which the whisky was transported.

In this case, however, in addition to the objection urged against this testimony in Land's case, *supra,* the objection was urged that the testimony was violative of the statute on confessions,—Penal Code, Art. 810. The bill contains the following:

"The witness, F. A. N. O'Neil testified, among other things, as follows:

" ' . . . and then Glover, was handcuffed to Eck Land, and the car went on ahead of us, and one of the officers and myself went with them down to the camp. That is, with the Defendant and Eck Land. It was about 400 yards from there down to the tent; Land and Glover led the way down to the tent; in going from the place where they were arrested nobody indicted to them in any manner in what direction they were to go, or to where they were going. The road forks between where they were arrested and the tent, one road leads further down the creek, and the right-hand road leads to the tent. When we came to the forks of the road, Joe Glover and Eck Land, were in the lead, and they took the right-hand road to the tent, and they took that road without indications from the officers. From that spot we could not see the tent or cars.' "

The object and effect of this testimony was to convey to the jury, through the acts of the accused while under arrest; the impression or information that he was familiar with the locality of the camp and the still, and to counteract the evidence introduced on behalf of the appellant, for the purpose of showing that the liquor was for the use of the sister of Claybrook for medicinal purposes. The statute on confessions not only forbids introduction of the words of one accused, spoken while he is under arrest and unwarned, not coming within any of the exceptions named in the statute, but it also forbids the introduction of the acts of the accused under such circumstances when they are introduced by the State as criminative evidence against him. Fulcher v. State, 28 Texas Crim. App., 472; Nolen v. State, 14 Texas Crim. App., 479; Lassiter v. State, 49 Texas Crim. Rep., 532; Weaver v. State, 43 Texas Crim. Rep., 346; Johnson v. State, 50 Texas Crim. Rep., 118. There are apparent exceptions to this rule illustrated by the cases which sanction the receipt of evidence showing that one while under arrest made footprints. Walker v. State, 7

Texas Crim. App., 264; Guerrero v. State, 46 Texas Crim Rep., 447. The reasons differentiating the two classes of acts are stated in the opinions cited. See also Moore v. State, 87 Texas Crim. Rep., 575. The general rule is that the State may not prove the appellant's guilt by his acts while under arrest unless they are done under circumstances which bring them within the exceptions to the statute on confessions,—Penal Code, Art. 810. The footprints and flight and perhaps other cases are exceptions to this general rule. In the instant case, however, there is no warning shown. The still was not found through the conduct of the accused, and we think his acts, while under arrest, could not legally be used to show that he was connected with the still or had knowledge of it. With this exception, the record reveals a case not materially different from the Land's case, *supra*.

We deem the erroneous receipt of the evidence mentioned of such importance as to require a reversal of the judgment, which is accordingly ordered.

                                          *Reversed and remanded.*