## ROBERT DANIELS V. THE STATE.

No. 10781.    Delivered October 5, 1927.

**1.—Murder—Charge of Court—Upon Weight of Evidence.**

Where, upon the trial of appellant for murder, there being an issue as to whether or not appellant fired the shot which killed the deceased, the charge of the court, in submitting the law of self-defense in this language: "It is your duty to place yourself in the position of Robert Daniels when he shot and killed Floy Gowan," was error, being upon the weight of the evidence, in that it assumed that deceased was killed by appellant where same was a disputed issue.

**2.—Same—Impeaching Defendant—Proof of Other Offense—Improper.**

Where, on a trial for murder, it was error to permit the state to prove that appellant had shot at his uncle, Bill Patterson, in 1910 or 1911, it not

being shown that appellant was ever indicted for this offense, and the withdrawal of this testimony from the jury, did not cure the error.

**3.—Same—Continued.**

As a general rule, where evidence of a material and prejudicial character is introduced over the defendant's objection, its subsequent withdrawal does not eliminate its effect from the jury and cure the error. See Payne v. State, 232 S. W. 802, and other cases cited.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*J. S. Simkins* and *R. R. Owens* of Corsicana, for appellant. On withdrawal of evidence, erroneously admitted, appellant cites: Kempner v. State, 63 Tex. Crim. Rep. 1; Clements v. State, 61 Tex. Crim. Rep. 161; Coffman v. State, 62 Tex. Crim. Rep. 88; Miller v. State, 65 Tex. Crim. Rep. 302; Latham v. State, 75 Tex. Crim. Rep. 575; Davis v. State, 76 Tex. Crim. Rep. 117; Deckard v. State, 88 Tex. Crim. Rep. 132; McRae v. State, 101 Tex. Crim. Rep. 411; Brunnelo v. State, 102 Tex. Crim. Rep. 379; Reynolds v. State, 82 Tex. Crim. Rep. 443; Bryant v. State, 99 Tex. Crim. Rep. 600.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of the murder of Floyd Gowan, alleged to have occurred on July 3, 1926, his punishment being fixed at ten years confinement in the penitentiary.

Appellant seems to have been tried upon the theory that he shot at one Earl Davis and accidentally hit Floyd Gowan, the deceased.

The testimony indicates that the relative position of the three parties at the time of the occurrence was such that lines drawn from one to the other would approximate an equilateral triangle. It was dark and the witnesses testified that they did not know who did the shooting, except Earl Davis, who testified to having seen the flash of a gun in the direction of the defendant. One witness for the state testified that three shots were fired. Appellant testified that he shot only twice at Davis and did not shoot at or see deceased. No feeling existed between the deceased and appellant and it dos not appear from the evidence that appel-

lant could have had any motive for killing the deceased. The difficulty between appellant and Davis arose over attentions which Davis had paid to the wife of appellant. The contention was made in the trial that in the melee someone else fired the shot that killed Floyd Gowan, and that it was impossible for a bullet fired directly from the point where defendant stood in the direction of where Davis sat in his car, to have hit the deceased. As previously stated, their relative position was that of the three apexes of an equilateral triangle. It was shown that Davis had a brother standing near, who was taking some part in the controversy.

The testimony is rather unsatisfactory. We think, however, that there was enough evidence to raise the issue that some person other than appellant killed the deceased. The trial court recognized the existence of this issue and instructed the jury, in substance, that if the bullet which struck the deceased, Floyd Gowan, was fired by some person other than defendant, to acquit.

In presenting the issue of self-defense in paragraph 14 of his charge, however, the learned trial judge used this language: "It is your duty to place yourself in the position of Robert Daniels when he shot and killed Floyd Gowan." Exception was timely presented to this charge for the reason that it was upon the weight of the evidence in that it told the jury that deceased was killed by the defendant when same was a disputed issue.

In view of the issue made as to who killed the deceased, this pointed statement of the court to the jury that defendant had done so, was erroneous. The charge of the court other than this appears to have been an exceptionally lucid and fair presentation of the law of the case to the jury.

The further question is presented by defendant's bill of exception No. 1 that the court permitted the introduction over defendant's objection of testimony that appellant had shot at his uncle, Bill Patterson, in 1910 or 1911. The record shows that appellant was never indicted for this offense. This testimony was inadmissible, both because no indictment had ever been returned, and because same was too remote. After the evidence was all in, the court withdrew this testimony from the jury.

In view of the kindred nature of the said transaction and the instant case, this court cannot be certain that appellant was not injured by the admission of this testimony. Where evidence is of a material and prejudicial character and introduced over defendant's objection, its subsequent withdrawal does not cure the error. Payne v. State, 232 S. W. 802; Graham v. State, 265 S. W. 592; Latham v. State, 172 S. W. 801. Neither of the two

errors above discussed may have injured appellant, but that either and especially both together may have done so, is beyond question. We think it is our duty, where an error calculated to injure the appellant clearly appears to have been made by the trial court, to resolve any doubt of injury we may entertain in favor of and not against appellant.

Because of the two errors above discussed, this cause is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.