## EUGENE CARROLL V. THE STATE.

No. 21002. Delivered May 8, 1940.

The opinion states the case.

*F. L. Henderson, W. R. Allen,* and *Coulter Hoppess,* all of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of robbery and assessed a penalty of eight years in the penitentiary by a jury in the District Court of Brazos County.

The indictment is for the robbery of J. T. Longbotham in Brazos County on the 18th day of August, 1939. Waltis Price was also indicted as a participant in the same robbery. Longbotham, who had been drinking and was in his car at nighttime, was joined by appellant and Price in or near Bryan on the date of the robbery and, after proceeding out on Highway No. 21 for some distance, it is alleged that they robbed Longbotham of $38.00. The next morning he was found sitting in his car on the side of the road in an unconscious condition, having been struck on the head and wounded. Parties who found him there reported to the sheriff, who went out to investigate. As Longbotham was aroused, he slapped his hands on his purse and exclaimed, "Boys, they robbed me!" Appel-

lant and Price were soon thereafter arrested in a rooming house in town, but not in the same room. Price was taken into custody and questioned about the matter in the absence of appellant. He told the story of the robbery and, upon being asked where the money was, he led the officers to a place out in the country where it had been hidden in a sand pile and the money was recovered.

Appellant presents his bill of exception number one, complaining of the admission in evidence, over his objection, of the statement of the injured party to the officer, Horace Reed, to the effect, "Boys, they robbed me!" In this bill it is set out that it is "highly prejudicial" and "though withdrawn from the jury the effect of the same is nevertheless highly prejudicial." The court approved this bill, together with that statement, as did the prosecuting attorney.

By bills of exception numbers two, three, and four objection is made to the testimony of J. W. Hamilton, admitted over the protest of appellant, detailing statements made to Hamilton, a deputy sheriff, while Price was under arrest and in the absence of appellant. The bill sets out that the "court erred in admitting said evidence" and that "the testimony was highly prejudicial." Similar statements are found in each of said bills of exception, all approved by the prosecuting attorney and the court.

The apparent effect of these bills is a certificate by the trial judge that he committed error.

Bill of exception number five complains of the evidence of Henry Kountz, also a deputy sheriff, who stated that Price told him that both he (Price) and appellant struck Longbotham. This statement was made in the absence of appellant and, like the other bills above referred to, it is certified and, although the court on the following day withdrew the evidence from the jury by a charge, "the harm and the prejudice had been done, and the court could not correct his error."

We think the court's certificate in each case certified error to this court requiring a reversal and this position is sustained by the authorities. Furthermore, the bills, independent of the statement, show error, except the first.

The appellant received a sentence of eight years, which is not the lowest penalty. The most radical view that might be taken from the standpoint of the prosecution is that it is doubtful whether or not the testimony of the sheriff, as well

as that of the deputies was harmful. If there is any doubt on the subject it is the duty of the trial court to resolve that doubt in favor of the party on trial, and it is our duty to resolve it in favor of the appellant in this case. Ulmer v. State, 292 S. W. 245; Daniels v. State, 298 S. W. 600.

The statement by co-defendant Price as to what he did and the acts of appellant joining with him was followed by the finding of the money. It was admissible against Price, but, being made after the commission of the offense, was not admissible against his co-principal. It was no part of the res gestae and was hearsay as to appellant. 18 Tex. Jur. par. 126, page 218; Bouldin v. State, 87 Cr. R. 419; 222 S. W. 555; Millner v. State, 72 Cr. R. 45; 162 S. W. 348; Rains v. State, 94 Cr. R. 576; 252 S. W. 558.

The sustaining of these bills of exception renders it unnecessary to discuss the other errors complained of. The case is reversed and remanded for a new trial.