ISAAC MUNOZ V. STATE.
No. 24942. November 1, 1950.

*L. T. Gittinger*, San Antonio, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

On November 3, 1949, appellant pleaded guilty to knowingly receiving and concealing stolen property over the value of $50.00, and was by the trial court found guilty thereof and given a term of five years in the state penitentiary.

The last paragraph of the judgment herein reads as follows:

"But the imposition of sentence is suspended, and the defendant, Isaac Munoz, is placed on Probation conditioned that he not violate the penal laws of the State of Texas; seek and keep gainful employment; and to report to this Court in person on the first Monday in January and the first Monday in June during the ensuing five years."

Thereafter, the district attorney of Bexar County filed an application for revocation of probation alleging that on or about the 22nd day of February, 1950, the appellant herein, Isaac

Munoz, did commit the offense of receiving and concealing stolen property and prayed that the probation granted to appellant, as above set forth, be revoked and that he be sentenced in the above original case in the manner provided by law. A hearing was had on this latter motion and the trial court revoked its order of probation and sentenced appellant, as provided in the original case, absent the order of probation. From this order of revocation appellant appeals. See Art 781b, Sec. 5, Vernon's C.C.P.

Bill of Exceptions No. 1 relates to the introduction in evidence of certain Lucky Strike cigarettes which were evidently taken from the place of business of the Eli Witt Cigar Company without their consent. The complaint seems to be based upon the proposition that such cigarettes were obtained in violation of law in that the searching officers had no warrant for appellant's arrest and there had not at such time been any order made by the trial judge of the probated case ordering appellant's arrest. This bill does not negative any facts which would authorize the arrest of appellant or a search of the premises without a warrant. See 4 Tex. Jur. p. 344, sec. 234, et seq.; Harris v. State, 67 Tex. Cr. R. 251, 148 S.W. 1074; also Harris v. State, 62 Tex. Cr. R. 235, 137 S.W. 373.

It is further shown by the testimony that an officer had been informed by George Rodriguez that appellant had purchased a quantity of cigarettes from him (Rodriguez) who knew the same had been stolen about 1:30 o'clock in the morning, and Rodriguez had delivered these stolen cigarettes at appellant's place of business. The officer (Leo Rodriguez) then went to appellant's place of business and asked to be allowed to search for same and was handed the keys by appellant; that the officer found the cigarettes and thereafter arrested appellant. The wife of appellant testified that he lived behind the place at 721 South Laredo Street; that "* * * when the officers came there we were in the act of turning over these five cases of beer, and when the officer arrived he said he was an officer, and then he asked me for the key and I gave it to *them*." Upon a search of this place, it being a bar, these Lucky Strike cigarettes were found. Appellant took the witness stand and denied having bought any cigarettes from George Rodriguez.

We think this search was made with the consent of the party in charge of this business where the stolen articles were found; and further, that under Art. 325, Vernon's C. C. P., the

peace officer had the right to take such property into his possession to prevent the consequences of theft.

Bill No. 2 complains because appellant, while on the witness stand, was asked the following question:

"Are you the same Isaac Munoz who was given five years in the federal penitentiary in 1934 for possession of narcotics?"

The appellant answered "Yes."

This matter was objected to as irrelevant, immaterial, and too remote, and the objection was overruled. We think same was material, and there being no evidence of reform but rather a lack thereof as shown by a 1949 conviction, as well as this 1950 charge, if any error was present, in the light of the probation, same was harmless, it being shown by the bill that such statement was considered only for the purpose of passing on the credibility of the witness.

Bill No. 3 seems to be directed at the refusal of the trial court for a new trial in this revocation proceedings. This matter being tried before the court without the intervention of a jury, we know of no rule that requires him to consider a motion for a new trial. The bill does not show that a motion was filed nor shown to the court, and we find nothing in such bill to pass upon.

Finding no error in the record, the judgment of the trial court is affirmed.