B. W. Cameron v. State

No. 33,235. March 29, 1961
Motion for Rehearing Overruled May 10, 1961
Second Motion for Rehearing Overruled June 7, 1961

WOODLEY, Presiding Judge, absent.

*Webb, Schultz & Stokes,* by *Aubrey D. Stokes,* San Angelo (*James F. Gruben,* Abilene, and *James S. Tunnell* of San Angelo, of Counsel) for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, 10 years.

This is a companion case to Earl v. State, 342 S.W. 2d 328, wherein the facts are fully set forth, and to which reference is here made; the only difference being that on the instant trial Officer Goode was not permitted to recount his conversation with appellant's co-indictee.

Appellant did not testify or offer any evidence in his own behalf. We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by brief and in argument.

It is first contended that the court erred in permitting the witness Goode to testify that while appellant was in jail he received a key from him which he took to Big Spring and used to open the house which was rented to appellant and where he found the stolen property. The only objection was to the evidence concerning the receipt of the key. During the voir dire examination, in the absence of the jury, the officer testified, ' I asked him if he wanted to give me the key or did he want me to get a search warrant." In the presence of the jury, he testified that he received the key from appellant. Appellant argues with much force that, since the officers had already seen the stolen property at the house in question, this act of appellant in delivering the key was in the form of a confession and not admissible under the terms of Article 727, V.A.C.C.P. Reliance is had upon Nolan v. State, 14 Tex. 474, and Glover v. State, 92 Tex. Cr. Rep. 617, 247 S.W. 556.

In Nolan, the officers had already found the body of the de-

ceased at the time they carried the accused to the scene of the crime and demanded that he tell them what he had done with the body. The court held it error to permit the officers to testify that in response to such inquiry the accused pointed to the hill where the body had been found.

In Glover, the officers already knew the location of the still prior to arresting the accused. This court held it error to permit the officers to testify that, without any prompting from them, the accuseds led them to the still from the place of their arrest.

We take no issue with either case, but find neither here controlling. What we said recently in Heflin v. State, 161 Tex. Cr. Rep. 41, 274 S.W. 2d 681, would seem to be determinative of the question here presented. In that case, it was accused's contention that consent to search must be in writing. There we said:

"We know of no rule of law which prevents an accused, while under arrest, to consent to a search or that requires such consent to be reduced to writing. The consent to search was not a confession and Art. 727, C.C.P., has no application."

When appellant handed the officer the key to his house, he did no more than orally consent to the search thereof.

Appellant next contends that the court erred in permitting Officer Goode to testify that, following a conversation which he had with appellant's co-indictee, he went to Big Spring and found the stolen goods. The conversation itself was not admitted. Reliance is had upon Carroll v. State, 139 Tex. Cr. Rep. 230, 139 S.W. 2d 821, but such case is not here authority because the details of the conversation, which implicated accused, were admitted in evidence. There was nothing in the testimony which in any way implicated appellant. The officer merely testified as to how he found the stolen property and recounted no conversation with appellant's co-indictee. This question was fully discussed in Willman v. State, 92 Tex. Cr. Rep. 77, 242 S.W. 746, and we find no error in the bill.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant re-urges his contention that the act of handing the key to Officer Goode constituted an oral confession taken while under arrest, and therefore not admissible in evidence.

In Munoz v. State, 155 Tex. Cr. R. 223, 233 S.W. 2d 494, it is shown that when the officer asked to search appellant's place, he was handed the keys by the appellant. There it was held that the search was made with the consent of the appellant.

The same result was reached in an appeal from a marihuana conviction in the U. S. District Court for the Southern District of Texas. There the officers asked to search the premises, and appellant asked if they had a search warrant and, upon being informed that they did not, produced a key and let them in. Crawford v. U. S., 219 Fed. 2d 207, rehearing denied, 220 Fed. 2d 352.

The fact that appellant was under arrest did not nullify his consent to the search by furnishing the key to the building. Sikes v. State, 169 Tex. Cr. R. 443, 334 S.W. 2d 440.

The motion for rehearing is overruled.

Opinion approved by the Court.