**Richard Patrick DEE III, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37969.**

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied April 28, 1965.

M. Gabriel Nahas, Jr., King C. Haynie (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and John Gilleland, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving while intoxicated, misdemeanor; the punishment, 10 days in jail and a fine of $50.00.

We shall pretermit a discussion of the facts in view of our disposition of this case.

Appellant, by Formal Bill of Exception, urges one contention as error. During the

closing argument to the jury, counsel for the state made the following argument to the jury:

"If the defendant was not intoxicated, why did he not bring in character witnesses who would testify to his reputation as to sobriety?"

Appellant's counsel timely objected on the ground that the defendant had not put his reputation for sobriety in issue. The Court sustained the objection and instructed the jury to disregard said argument. Counsel for appellant then made a motion for a mistrial, on the grounds that the instruction did not cure the error, which motion was overruled, to which ruling appellant's counsel excepted. The bill further reflects that said argument was not made in answer to any argument of counsel for the appellant and that the argument was not a reasonable deduction based on any evidence in the case.

The state agrees in its brief that the evidence indicates that the reputation of appellant was not raised.

We think that the case of Harmon v. State, 119 Tex.Cr.R. 426, 45 S.W.2d 583, controls our disposition of this case. There we stated: "[U]nless the character or reputation of the accused is put in evidence by him, either directly or indirectly, the law forbids such attack by the state, either by evidence or by argument."

We doubt that the prejudicial effect of this statement could have been removed by the court's instruction. As stated in McIntosh v. State, 85 Tex.Cr.R. 417, 213 S.W. 659: "Impressions made on the mind can no more be erased by such instructions than the memory of a curse or a blessing can be torn out and thrust away by the effort of the will." The appellant here received more than triple the minimum jail sentence. We said in Carroll v. State, 139 Tex.Cr.R. 230, 139 S.W.2d 821: "If there is any doubt on the subject (of harm) it is the duty of the trial court to resolve that doubt in favor of the party on trial, and it

is our duty to resolve it in favor of the appellant in this case."

We are cited by the state to King v. State, 156 Tex.Cr.R. 508, 243 S.W.2d 846. An examination of this case reflects that at the time the argument was made appellant did not object nor did he request an instruction to the jury to disregard the same. We do not think King is in point, nor on a parallel basis with this case. We do observe, however, that the language used in the King case indicates certainly that this Court would hold an argument to be reversible error where the language complained of is manifestly improper, harmful and prejudicial.

The state also cites the case of Baker v. State, Tex.Cr.App., 368 S.W.2d 627, and says that the reasoning there applied should control under these circumstances. Baker, in effect, holds that the argument was not so obviously prejudicial that its harmful effect could not be removed by the court's instruction. On motion for rehearing Judge Morrison pointed out that "the Court sustained the objection, instructed the jury not to consider the argument, and *appellant asked for no further relief.*" In other words, he did not make a motion for mistrial. He did not come before this Court from an adverse ruling of the trial court. Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447, held: "The court ruled favorably to the appellant on his objection. After his objection was sustained he appears to have been satisfied because he asked the court for no further relief." We do not think Baker, supra, supports the state's position.

For the error pointed out, the judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

I am unable to agree that the complained of remarks of counsel for the state were so obviously prejudicial as to require the trial court to declare a mistrial. See Baker v. State, Tex.Cr.App., 368 S.W.2d 627, 631.