Gilbert **MALDONADO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38636.

Court of Criminal Appeals of Texas.

Dec. 1, 1965.

Rehearing Denied Jan. 26, 1966.

Leo N. Duran (On Appeal Only), Corpus Christi, F. I. Gandy, Jr. (On Appeal Only), Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., Douglas Tinker, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, 12 years.

The witness Cortez testified that she was the caretaker of a complex of apartments, that on the night in question she observed an automobile drive into the complex and park before an apartment whose occupants had no automobile and that she observed a man leave on foot and return and drive away. She stated that in a short while the same automobile returned and parked in the

same place, that two men walked away and that she took the license number and called the police. Still later, the men returned to the automobile carrying paper sacks under their arms and drove away.

On cross examination in answer to appellant's counsel's questions, she stated that she had identified appellant at a police lineup as being one of the two men.

The apartment complex was shown by other testimony to be less than a city block from the Morris Discount House which was shown to have been broken into that night.

Officer Harris testified that he went on duty at 11:00 p. m. on the night in question, that he went to the apartment complex, talked to Mrs. Cortez, and there found a black and white Mercury parked and unoccupied, that he and his fellow officer were called away from the complex to quell a disturbance and that when they returned the Mercury was gone. He stated that when he came on duty the next night he was alerted to be on the lookout for this particular Mercury, the license number of which he had taken the night before, and that he found it parked in front of the Avenue Cafe. He entered the cafe, found appellant in an intoxicated condition and placed him under arrest. After he had placed appellant in the patrol car he "told him (appellant) I wanted to search it (the black and white Mercury) while he was there * * * and he gave me the keys." Inside the trunk of the Mercury Officer Harris found merchandise which was identified as having come from the Morris Discount House.

Appellant did not testify or offer any evidence in his own behalf. The prior conviction was stipulated in the absence of the jury.

The sole question presented for review is the legality of the search of appellant's automobile. Officer Gomez testified that he had seen appellant driving the Mercury on occasions prior to the night in question. Officer Harris testified that he

asked appellant if the Mercury was his and received an affirmative reply. Detective Fontaine testified in answer to appellant's counsel's questions that the police force had been alerted and informed that he wanted to speak to the occupants of the Mercury about the burglary, but that it had not been found prior to the time Officer Harris discovered it. While it is true that Officer Harris testified that he arrested appellant for being drunk and on no other grounds, we do find from the other evidence mentioned that the Mercury in question was the subject of a police search involving the burglary in question and that when Harris told appellant that he wanted to search the same *while he was there* appellant surrendered the keys voluntarily. This Court has consistently held that searches without warrant are permissible when executed with the owner's consent. Shawhart v. State, 163 Tex.Cr.R. 199, 289 S.W.2d 601, and Cameron v. State, 171 Tex.Cr.R. 224, 346 S.W.2d 845. The cases relied upon by appellant do not involve the element of consent which is present and uncontroverted in the case at bar.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.