**Lucas MORENO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44653.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Pena, McDonald & Gutierrez by Roman Gutierrez, Edinburg, for appellant.

Oscar McInnis, Dist. Atty., Thomas P. Berry, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered his plea of guilty before the court on November 24, 1970, and was adjudged guilty of the offense of burglary with the intent to commit theft. The punishment assessed was three years imprisonment. The imposition of the sentence was suspended and the appellant was placed on probation.

On the 3rd day of February, 1971, the court, after hearing the State's motion to revoke probation, found the appellant had violated the condition of his probation that he would "commit no offense against the laws of this . . . state . . ." The court then entered an order revoking probation and sentenced the appellant.

The appellant complains that the trial court abused its discretion in revoking probation because the order revoking probation is supported by only the uncorroborated testimony of accomplice witnesses.

1. Article 38.14, V.A.C.C.P. reads as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The appellant's counsel recognizes that this court has held that the provisions of Article 38.14, Vernon's Ann.C.C.P.[1] are not applicable to revocation of probation hearings. See Barnes v. State, 467 S.W.2d 437 (Tex.Cr.App.1971); Gonzalez v. State, 456 S.W.2d 53 (Tex.Cr.App.1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App. 1969); McDonald v. State, 393 S.W.2d 914 (Tex.Cr.App.1965); Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961). An earnest and forceful argument is made that these cases be overruled "or at least narrowed down to the facts of each particular case." We decline to overrule the cases holding that a revocation of probation order may be based upon the uncorroborated testimony of an accomplice witness.

The sole issue to be determined on appeal from an order revoking probation is whether the trial court has abused its discretion. See Farmer v. State, Tex.Cr. App., 475 S.W.2d 753 (1972).

Determining whether or not an order to revoke probation should be entered places a grave responsibility upon the trial court. We are confident the trial courts feel this responsibility and exercise the discretion with due regard to the consequences. After fully reviewing the testimony in this case we cannot say that the trial court abused its discretion where the evidence supporting the revocation order is that of accomplice witnesses.

There being no abuse of discretion, the order revoking probation and the judgment are affirmed.

Opinion approved by the Court.

Convictions for most federal offenses and convictions in many jurisditions may be sustained even though based upon the uncorroborated evidence of an accomplice witness. Article 38.14, V.A.C.C.P. provides defendants in criminal cases in this state with safeguards not enjoyed in many other jurisdictions.