**Keith Wayne AUSBORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47380.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

E. Brice Cunningham (On appeal only), Dallas, for appellant.

Larry Miller, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from an order revoking appellant's probation. Punishment was originally assessed at five years' imprisonment for the offense of assault with intent to commit rape. The State's motion to revoke alleged that appellant had stolen two tires and wheels of the value of fifty dollars.

Appellant first complains that the motion to revoke probation was insufficient to allege a violation of the law. This contention is raised for the first time on appeal. Having failed to question the sufficiency of the motion in the trial court prior to the hearing, the appellant is in no position to raise it here. Hill v. State, 480 S.W.2d 200 (Tex.Cr.App.1972); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972); Blackshire v. State, 464 S.W.2d 108 (Tex. Cr.App.1971), and Guinn v. State, 163 Tex. Cr.R. 181, 289 S.W.2d 583 (1956).

Appellant next complains of the trial court's refusal to grant appellant's new counsel an extension of time in order to prepare an amended motion for new trial. The order revoking probation was entered on March 23, 1972. Appellant's counsel at that time filed a motion for new trial and requested an extension of time, to which the trial judge agreed. On October 25, 1972, counsel for appellant was granted permission to withdraw from the case. Appellant's new counsel appeared at the hearing on the motion for new trial, which was held on November 3, 1972, and requested

another extension of time in order to familiarize himself with the case. His request was denied.

 The proper remedy for appellant would have been to give notice of appeal to this Court, after the order revoking his probation was issued, in order to challenge the order as an abuse of discretion. This Court has observed that since a probation revocation proceeding is tried before the court without intervention of a jury, no rule requires the court to consider a motion for new trial. See Munoz v. State, 155 Tex.Cr.R. 223, 233 S.W.2d 494 (1950). In Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962) this Court noted that a trial judge was not without authority to grant leave to file the motion or to grant it, but it was not held that the court must consider the motion and the case was decided on other grounds.

This Court's review of a revocation of probation is limited to the issue of whether the trial judge abused his discretion in revoking probation. Moreno v. State, 476 S.W.2d 684 (Tex.Cr.App.1972); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972). No abuse of discretion is shown.

Appellant next contends that the evidence was insufficient to show that the value of the property taken was fifty dollars.

A witness for the State testified that the value of the two tires and wheels exceeded fifty dollars. Moreover, the appellant himself testified that he thought the value of each wheel alone might be twenty-five dollars.

In a probation revocation proceeding the judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given their testimony. Kelly v. State, 483 S.W.2d 467 (Tex.Cr.App. 1972); Carter v. State, 482 S.W.2d 875 (Tex.Cr.App.1972). Where supported by the evidence, this Court will not substitute its judgment for the findings of fact made by the trial judge. See Ford v. State, 488 S.W.2d 793 (Tex.Cr.App.1972). No abuse of discretion is shown.

The judgment is affirmed.