Gary Wayne RINTO, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–638–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1982.

Rehearing Denied Feb. 4, 1982.

Ross Crossland, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This appeal is taken from an order revoking appellant's probation. Punishment was originally assessed in August 1978 at five years imprisonment and one thousand dollars ($1,000) fine for the offense of possession of a controlled substance. The sentence was suspended and appellant was placed on probation for five years, during which time he was to make monthly payments in the amount of $65.00 a month [1] to pay for the fine, service fees and court

---

1. Of this amount, $35.00 was for the fine, $15.00 was for probation service fees, and $15.00 was for court appointed counsel. In addition, appellant paid a one time fee of $51.00 for court costs. When the state's mo-

tion to revoke probation was filed, appellant was in arrears $455.00 on the fine, $130.00 on the probation service fee, and $30.00 on counsel's fee.

appointed counsel. In June 1980, the state filed its motion to revoke probation, alleging that appellant had not been in contact with the Probation Department for twenty-one months and that appellant was in arrears in his payments. The court found that appellant had failed to make certain payments in violation of the terms and conditions of his probation and revoked said probation. We affirm.

■ Appellant argues, first, that revocation of probation based upon failure to pay fines is a denial of equal protection under the fourteenth amendment to the United States Constitution. We do not agree that appellant was incarcerated because of his indigency and distinguish his situation from those in *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 and *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130. In *Williams,* the defendant was incarcerated for a longer period of time than the maximum statutory period because of his inability to pay a fine. In *Tate,* the court ruled on incarceration where the only statutory punishment was a fine. In the case before us, appellant was sentenced to a term of years and a fine[2] before he was allowed probation. Furthermore, this revocation does not extend his sentence beyond that originally assessed. In fact, the order revoking appellant's probation ameliorates the punishment originally imposed by deleting the fine. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends the trial court erred in revoking appellant's probation in view of his uncontradicted testimony that he was unable to pay those sums set as conditions of probation.

Tex.Code Crim.Pro.Ann. art. 42.12 § 8(c) (Vernon 1979) provides:

In a probation revocation hearing at which it is alleged that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence.[3]

Here appellant invoked this affirmative defense and took the stand in his own behalf, testifying that he had been employed and had earned from $100 a week to $950 a month at various times. He further testified that at the time he stopped making payments he was working at day labor jobs, making enough to pay for rent, food, and gasoline. At no time did appellant make partial payments or contact anyone in Galveston to explain his situation.

■ Appellate review of a revocation of probation is a limited inquiry. The question is whether the trial judge abused his discretion in ordering the revocation. It is, after all, the trial judge who determines "the credibility of witnesses and the weight to be given to their testimony." *Ausborne v. State,* 499 S.W.2d 179, 180 (Tex.Crim. App.1973); *Ross v. State,* 523 S.W.2d 402, 403 (Tex.Crim.App.1975). We must review the evidence "in a light most favorable to the verdict." *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App.1979).

In our opinion, appellant did not sustain his burden and prove, by a preponderance of the evidence, his inability to pay.

The judgment is affirmed.

---

2. Under Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.01(b)(2), 4.02(b)(6), 4.04(b)(1), possession of methamphetamine, a controlled substance, is a second degree felony carrying a penalty of imprisonment from two to twenty years. In addition to this mandatory incarceration, the trial judge may impose a fine of up to $10,000.

3. There are two versions of subsection 8(c); that quoted above is the second.