TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00320-CR


NO. 03-97-00321-CR







Bryson McClinton, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY,


119TH & 51ST JUDICIAL DISTRICTS


NOS. B-95-0334-S & A-95-0463-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING








 These are appeals from orders revoking community supervision. On June 12, 1996,
appellant, Bryson McClinton, entered pleas of guilty to two indictments each charging theft, a state jail
felony. See Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 1998). (1) The guilty pleas were accepted
by a visiting judge in a bench trial. The trial court assessed punishment at two years' confinement and a
$250 fine in each case. The imposition of the sentences was suspended and appellant was placed on
community supervision in each case subject to certain conditions.

 Subsequently, the State filed motions to revoke community supervision. These motions
alleged that appellant had violated the conditions of his community supervision by (1) failing to pay the
required monthly payment of $30.00 for the months July, August, and September, 1996 (2) and (2) by
possessing and using cocaine during the period of community supervision on or about August 28, 1996.

 On January 24, 1997, Judge John E. Sutton of the 119th District Court conducted a
hearing on the revocation motions. At the conclusion of the hearing, Judge Sutton revoked community
supervision in each case by finding that appellant had failed to make the required monthly payment for the
month of September 1996, and that appellant had possessed and used cocaine as alleged. The sentences
were thereafter imposed. 


Points of Error



 Appellant advances three points of error. In the first and third points, appellant contends
that the trial court abused its discretion in revoking the community supervision on grounds of failure to make
the September 1996 required payment and on possession and use of cocaine on or about August 28,
1996. The second point of error contends that the trial court erred in overruling the motion for new trial
because Judge Sutton should have been disqualified from hearing the revocation motions.




Facts--The Third Point of Error


 Ruben Robles, Community Supervision Officer, testified that on August 28, 1996, in
accordance with the conditions imposed upon appellant, he obtained a urine specimen from appellant and
submitted it to the Accu--Chem Laboratory for an urinalysis. Dr. John Laseter, director of the laboratory,
conducted the urinalysis and reported that test "clearly confirmed a positive breakdown of cocaine in the
urine." Appellant testified that he was at a barbecue and inhaled secondhand crack cocaine smoke which
resulted in the positive urinalysis for cocaine.


Revocation Procedure


 In a proceeding to revoke community supervision, the burden of proof is upon the State
to show by a preponderance of evidence that the "probationer" (3) has violated the conditions of community
supervision as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993); Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim App. 1983). If the State sustains its
burden, the decision whether to revoke is within the trial court's discretion. Flournoy v. State, 589
S.W.2d 705, 707 (Tex. Crim. App. 1979); Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin
1993, no pet.). In a revocation proceeding, the trial court is the trier of fact and the judge of the credibility
of the witnesses and of the weight of the testimony. See Garrett v. State, 619 S.W.2d 172, 174 (Tex.
Crim. App. 1981); Hays v. State, 933 S.W.2d 659, 660 (Tex. App.--San Antonio 1996, no pet.). On
appeal, we review the evidence in the light most favorable to the trial court's order revoking probation. 
See Ortega, 860 S.W.2d at 564; Galvan v. State, 846 S.W.2d 161, 162 (Tex. App.--Houston [1st
Dist.] 1993, no pet.). The only question presented on appeal is whether the trial court abused its discretion
in revoking community supervision. See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App.
1983); Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.--Texarkana 1995, pet. ref'd).


Conclusion--The Third Point of Error



 In the instant case, appellant acknowledges the facts produced before the trial court, but
urges that it was an abuse of discretion for the trial court to revoke community supervision on the basis of
one failed drug urinalysis. We do not agree. The third point of error is overruled.


First Point of Error



 The general rule is that if one violation of the conditions of community supervision is
supported by the evidence, it is unnecessary to consider the sufficiency of the evidence to support the other
violation found by the trial court. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980);
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Burke v. State, 930 S.W.2d 230, 232 (Tex. App.--Houston [14th Dist.],
pet. ref'd). Therefore, we do not reach appellant's point of error one in light of our disposition of point of
error three.


Judicial Disqualification


 In his second point of error, appellant urges that the trial court erred in denying the motion
for new trial based on the ground that Judge Sutton was disqualified to conduct the revocation hearing. 
The basis of such motion was that appellant had written Judge Sutton a letter in March 1994 advising the
judge that appellant intended to file a lawsuit against the judge for violations of the Texas Deceptive Trade
Practices Act and violations of appellant's civil rights. Judge Sutton voluntarily disqualified himself from
hearing the new trial motion. The hearing was conducted before a different district judge.

 No rule requires the trial court to consider a motion for new trial after revocation of
probation or community supervision. See Ausborne v. State, 499 S.W.2d 179, 180 (Tex. Crim. App.
1973); Munoz v. State, 233 S.W.2d 494, 496 (Tex. Crim. App. 1950); see also Ochoa v. State, 536
S.W.2d 233, 345 (Tex. Crim. App. 1976); Casey v. State, 519 S.W.2d 559, 560 n.1 (Tex. Crim. App.
1975); Crosley v. State, 648 S.W.2d 434, 436 (Tex. App.--Fort Worth 1983, no pet.). In the instant
case, appellant's motion for a new trial was considered.

 When asked at the hearing why the matter was not raised in advance of the revocation
hearing, appellant explained that he informed his attorney, but no action was taken. Appellant
acknowledged that after writing the letter or presenting his "claim," he did not file a lawsuit or take other
action. He explained that Judge Sutton had been the trial judge when he had been convicted several years
before and had refused upon request to appoint different counsel for him, and that he had been displeased
with counsel's action at trial and on appeal. He had threatened to sue both the judge and appointed
counsel. It was stipulated that Judge Sutton had received the letter. Finding no basis to support the ground
stated in the new trial motion, it was denied.

 Article V, section 11 of the Texas Constitution provides in pertinent part:



 No judge shall sit in any case wherein he may be interested, or where either of the parties
may be connected with him, either by affinity or consanguinity, within such a degree as may
be prescribed by law, or when he shall have been counsel in the case.



 Article 30.01 of the Texas Code of Criminal Procedure provides:



 No judge or justice of the peace shall sit in any case where he may be the party injured,
or where he has been of counsel for the State or the accused, or where the accused or the
party injured may be connected with him by consanguinity or affinity within the third
degree.



Tex. Code Crim. Proc. Ann. art. 30.01 (West 1989).


 The Court of Criminal Appeals has held that the grounds of disqualification stated in the
Texas Constitution and the Code of Criminal Procedure are exclusive. See Ricondo v. State, 657 S.W.2d
439, 447 (Tex. App.--San Antonio 1983, no pet.) (citing Ex parte Largent, 162 S.W.2d 419, 426 (Tex.
Crim. App. 1942) (op. on reh'g)). These provisions have been held mandatory. Gamez v. State, 737
S.W.2d 315, 318 (Tex. Crim. App. 1987). It would appear then that a disqualification of a trial judge in
a criminal matter must comply with the strict requirements of the constitutional and statutory criminal
procedure provisions. See Elam v. State, 841 S.W.2d 937, 939 (Tex. App.--Austin 1992, no pet.).

 In the past it was held that bias and prejudice of a trial judge not based on "interest" was
not a legal disqualification. Zima v. State, 553 S.W.2d 378, 380 (Tex. Crim. App. 1977). These earlier
cases have been overruled, and to the list of constitutional and statutory prohibitions, the Court of Criminal
Appeals has added "judicial bias" so long as it is shown to be of such extent as to deny a defendant due
process of law. See McClenan v. State, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983); Elam, 841
S.W.2d at 940; Cumpian v. State, 812 S.W.2d 88, 91 (Tex. App.--San Antonio 1991, no pet.). It is
not necessary that an objection be made, nor may the disqualification of a judge be waived, even by
consent of the parties. Gamez, 737 S.W.2d at 318. The issue may be raised at any time. Id.; Madden
v. State, 911 S.W.2d 236, 240 (Tex. App.--Waco 1995, pet. ref'd).

 Appellant relies upon McClenan alleging judicial bias of such extent as to deny him due
process of law. There was no motion to disqualify or recuse Judge Sutton prior to the revocation hearing
and the issue was not raised during the hearing. Since the issue may be raised at any time, appellant based
his motion for new trial on this ground. See State v. Evans, 843 S.W.2d 576, 578 (Tex. Crim. App.
1992) (not necessary that grounds for new trial be one of those listed in Tex. R. App. P. 21.3 (formerly
Rule 30(b))). Appellant's claim of "judicial bias" set forth in his new trial motion is bottomed solely on the
fact that in 1994 he sent the judge a letter threatening a lawsuit. No lawsuit was ever filed.

 In Chamberlain v. State, 453 S.W.2d 490, 492 (Tex. Crim. App. 1970), it was held that
the filing of civil action by a robbery defendant against a prosecutor and the trial judge did not disqualify
the trial judge. The Court added:


 If the mere filing of a civil action against a judge presiding at a criminal case would
disqualify him, then any judge would be subject to disqualification at the whim of a
defendant. Such practice, if followed, could delay or prevent the trial of a case.


Id. at 492.


 In the instant case all that was shown was that several years before the revocation hearing,
appellant threatened a lawsuit and that the judge received the letter. A trial judge ruling on a question of
bias as a ground for disqualification must decide whether the movant has provided facts sufficient to
establish that a reasonable person knowing all the circumstances involved, would harbor doubts as to the
impartiality of the trial judge whose disqualification is sought. Kemp v. State, 846 S.W.2d 289, 305 (Tex.
Crim. App. 1992), cert. denied, 113 S. Ct. 2361 (1993). There was no showing by appellant of "judicial
bias" to the extent that he was denied due process of law. The trial court did not abuse its discretion in
overruling the motion for new trial.

 In his brief, appellant notes that there was also bias because Judge Sutton, in announcing
his findings at the conclusion of the revocation hearing, had referred to appellant's defense of "second-hand
crack cocaine smoke" as "ludicrous" and referred to appellant as "a person with your background" without
any evidence of background being in the record. This claim of bias was not included in the motion for a
new trial, the overruling of which is complained of in this point of error. Judge Sutton had personal
knowledge or could have taken judicial notice of the two state jail felony convictions in which appellant had
been granted community supervision. Appellant himself proved that Judge Sutton had been the trial judge
at the time of a previous felony conviction. Before alleged bias becomes sufficient to warrant the
disqualification of a judge, it "must stem from an extra judicial source and result in an opinion on the merits
on some basis other than what the judge learned from his participation in the case." Kemp, 846 S.W.2d
at 306 (quoting United States v. Grinnell Corp., 384 U. S. 563, 583 (1966)). Under the circumstances,
this belated claim does not show that appellant was deprived of the due process of law. The second point
of error is overruled.

 The orders revoking community supervision are affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed on both causes

Filed: January 8, 1998

Do Not Publish









* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1. The current code is cited for convenience. The law applicable at the time of the offenses (May
13 and 25, 1995) was Act of May 29, 1993, 73d Leg. R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586,
3636-38 (Tex. Penal Code § 31.03(e)(4)(D), since amended but unchanged).
2. Under the conditions of community supervision, the monthly payments were to be applied toward
the total amount of restitution, the fine imposed, and community supervision fees.
3. The terms "probation" and "community supervision" generally mean the same thing and are used
interchangeably. See Rodriguez v. State, 939 S.W.2d 211, 220 (Tex. App.--Austin 1997, no pet.).


>
 If the mere filing of a civil action against a judge presiding at a criminal case would
disqualify him, then any judge would be subject to disqualification at the whim of a
defendant. Such practice, if followed, could delay or prevent the trial of a case.


Id. at 492.