**Eloy OCHOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52019.**

Court of Criminal Appeals of Texas.

May 4, 1976.

Patrick A. Abeyta, Lubbock, for appellant.

John R. Hollums, Dist. Atty., Floydada, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an attempted appeal from an order revoking probation wherein appellant stands convicted of the primary offense of

burglary of a building. The punishment is imprisonment for three years. We have concluded that we lack jurisdiction and dismiss the appeal.

The record reflects that probation was revoked and sentence was pronounced on September 8, 1975. An original motion for new trial was filed on September 17, 1975, and the motion was amended on October 6, 1975. See Art. 40.05, Vernon's Ann.C.C.P. These motions were overruled on October 24, 1975, and notice of appeal was given the same date.

We have observed that, since a probation revocation proceeding is tried before the court without the intervention of a jury, no rule requires the trial court to consider a motion for new trial. See *Munoz v. State*, 155 Tex.Cr.R. 223, 233 S.W.2d 494 (1950). In *Taylor v. State*, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962), we noted that a trial judge was not without authority to grant leave to file a motion for new trial or to grant it, but it was not held that the court must consider the motion and the case was decided on other grounds. In *Ausborne v. State*, 499 S.W.2d 179 (Tex.Cr.App.1973), we stated that the proper remedy for challenging a probation revocation order is to give notice of appeal to this Court. Such notice must be given or filed within ten days after pronouncement of sentence. See Art. 44.08(c), Vernon's Ann.C.C.P.

■ If a trial court grants leave to file a motion for new trial or to amend an original motion for new trial after probation is revoked, sentence should not be pronounced until after the motion has been overruled by action of the court or by operation of law. If such leave is granted after imposition of sentence, the sentence should be set aside and sentence repronounced after the motion is overruled by the court or by operation of law.

■ In the instant case notice of appeal was not given within ten days after the pronouncement of sentence on September 8,

1975, nor was such sentence set aside and repronounced after the motion for new trial was overruled. For either reason the appeal must be dismissed.

■ Nevertheless, we note that under Art. 44.08(e), Vernon's Ann.C.C.P., the trial court may permit the giving of notice of appeal after the expiration of the ten days mentioned in Art. 44.08(c), supra, on a showing of good cause. If good cause is shown, the trial court may permit notice of appeal to be given, allowing the appeal to proceed under Art. 40.09, Vernon's Ann. C.C.P.[1] In such event, the allegations as to good cause and the evidence thereon should be shown in the record to enable this Court to properly review the same.[2]

The appeal is dismissed.

Opinion approved by the Court.

1. The times provided by such statute may be waived by the parties. See *Savant v. State*, 535 S.W.2d 190 (Tex.Cr.App., 1976), footnote # 5.

2. For a list of cases dealing with "good cause" see *McIntosh v. State*, 534 S.W.2d 143 (Tex.Cr. App.1976), footnote # 2.