**In re Jeff CORTEZ.**

**No. 04–04–00353–CV.**

Court of Appeals of Texas,
San Antonio.

July 14, 2004.

---

Raymond Martinez, Martinez & Herrera, San Antonio, for Appellant.

Susan D. Reed, Crim. Dist. Atty., for Appellee.

Sitting: PAUL W. GREEN, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

In this original proceeding, relator Jeff Cortez seeks an order requiring the trial

court to delete the words "DAY FOR DAY" from the judgment sentencing him to six months in jail for possession of marijuana. Because the trial court has no authority to issue a sentence that limits the operation of statutes governing good time credit, we conditionally grant the petition for writ of mandamus.

## Background

Cortez was convicted of possession of marijuana and placed on community supervision (probation). The trial court later revoked Cortez's probation and sentenced him to six months in jail. At the very top of the document, the judgment states "REVOCATION OF PROBATION—DAY FOR DAY."[2] Cortez argues the "DAY FOR DAY" language will prevent him from receiving good time credit from the sheriff in violation of article 42.032 of the Texas Code of Criminal Procedure.[3] The State responds that Cortez lacks standing to bring this claim and mandamus is not available for relief in these circumstances because Cortez failed to appeal the inclusion of the disputed phrase. The State also argues the petition is moot because the sheriff does not interpret the phrase "DAY FOR DAY" to interfere with his discretion to assess good time credit if warranted.

## Discussion

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v.*

*Packer,* 827 S.W.2d 833, 839 (Tex.1992). Mandamus is appropriate when the trial court acts outside its authority, even though the action could also have been challenged by appeal. *See Kopeski v. Martin,* 629 S.W.2d 743, 745 (Tex.Crim. App.1982, orig.proceeding) (taking jurisdiction of mandamus proceeding where trial court acted outside its authority). The trial court has no authority to place a limit on the operation of statutes governing good time credit. *Id.; Jones v. State,* 01–02–01052–CR, —— S.W.3d ——, ——–——, 2004 WL 1232619, at *3–4 (Tex. App.-Houston [1st Dist.] June 3, 2004, no pet. h.) (not designated for publication); *Ex parte Sandoval,* 01–93–0624–CR, 1993 WL 381542, at *1 (Tex.App.-Houston [1st Dist.] September 23, 1993, no pet.) (not designated for publication); *Ex parte Hall,* 838 S.W.2d 674, 676 (Tex.App.-Dallas 1992, no pet.).[4] Because mandamus relief may be appropriate in these circumstances, we address the issue of Cortez's standing to complain of the trial court's action.

 The State argues that Cortez has no standing to bring this proceeding because the discretion to award good time credit belongs solely to the sheriff. *See* TEX.CODE CRIM. PROC. ANN. art. 42.032, § 3. The fact that good time credit is awarded at the sheriff's discretion is not conclusive of whether Cortez has standing to object if the trial court has improperly interfered with that discretion. "Standing consists of some interest peculiar to the person individually and not as a member of the general public." *Hunt v. Bass,* 664 S.W.2d 323,

---

2. In his appendix, Cortez also attached a certified copy of a form titled "COURT DIRECTIVE" which is apparently filed in the clerk's record of this case. Across the face of the form is written, by hand, "DAY FOR DAY" and "180 DAY FOR DAY." There is an additional handwritten notation that is illegible. The form has no case number, case name, signature, or any other indication that

it is directed to the sheriff in this case. We hold the unsigned, incomplete form has no effect in this case.

3. TEX.CODE CRIM. PROC. ANN. art. 42.032 (Vernon Supp.2004).

4. We overrule the State's objection that mandamus relief is not available in this case.

324 (Tex.1984); *accord House v. State*, 947 S.W.2d 251, 252 (Tex.Crim.App.1997) (petitioner must show the complained of action affects his substantial rights); *Fuller v. State*, 829 S.W.2d 191, 201 (Tex.Crim.App. 1992) (citing *Hunt v. Bass* ). Although Cortez has no absolute right to good time credit, that decision being within the discretion of the sheriff, Cortez does have the right to be considered for good time credit. *See Kopeski*, 629 S.W.2d at 745. The infringement of this statutory right is sufficient to confer standing. We turn now to the merits of Cortez's petition.

■ For a prisoner in the county jail, only the sheriff has the discretion to determine whether that prisoner is entitled to good time credit. *Kopeski*, 629 S.W.2d at 745.[5] In *Sandoval*, the First Court of Appeals considered a similar case in which the petitioner argued the phrase "day for day" required a computation that one day served counts only as one day served, excluding any calculation that considers "good time" credit. *Sandoval*, 1993 WL 381542, at *1. The First Court agreed and reformed the judgment of conviction because the order for the defendant "to serve day for day" interfered with the sheriff's discretion to give credit for good time. *Id.*

■ In this case, the judgment does not specify that Cortez is ordered to serve his sentence day for day. The only place those words appear is at the top of the judgment. There is no specific date for the sentence to end. However, to the extent the heading "DAY FOR DAY" can be construed as a limitation on Cortez's eligibility for good time credit, the language is not authorized.

■ The State argues the issue is moot because the sheriff's affidavit affirms that he does not interpret the "DAY FOR DAY" phrase as limiting his discretion to award good time credit.[6] The sheriff's opinion is not binding on this court. The possibility remains that the sheriff may be replaced or may change his mind. Cortez's statutory rights are jeopardized as long as the language of the judgment is subject to an interpretation that deprives him of any eligibility for good time credit. We recognize Cortez has not shown that he has lost good time credit to date; however, the trial court overstepped its authority and the resulting limitation on Cortez's right to be considered for good time credit is void. *See Sandoval*, 1993 WL 381542, at *1 (noting there is no evidence petitioner has yet accrued good time credit, but granting mandamus relief because the trial court's order has the effect of making it impossible for the defendant to ever receive good time credit).

Because the inclusion of the phrase "DAY FOR DAY" in the judgment is outside the trial court's authority, we conditionally grant the writ and expect that the trial court will modify its judgment to delete the objectionable language within twenty days of our opinion. If the trial court fails to comply, we will issue the writ.

---

**5.** For example, a judgment of conviction that specifies a particular ending date for a sentence is outside the authority of the trial court. *Id.* (sentence specified to run from 1/4/82 until 1/25/82 was not authorized by law giving the sheriff discretion to calculate good time).

**6.** The affidavit was submitted with the State's response in this court. We may consider material outside the record only to the extent necessary to determine our jurisdiction. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979). Mootness is a jurisdictional issue. *Id.*