Kenneth Keith ODNEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–05–114 CR.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 2, 2005.

Decided Aug. 24, 2005.

Jack Lawrence, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Wayln G. Thompson, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Kenneth Keith Odneal appeals the revocation of his community supervision. The trial court originally convicted Odneal of felony driving while intoxicated with an open container in the vehicle and imposed a ten-year prison sentence, then suspended the imposition of the sentence and placed Odneal on community supervision for ten years. After Odneal pleaded true to the allegations in the State's motion to revoke, the trial court ordered Odneal to serve his entire sentence of incarceration. The five issues raised in this appeal relate to the time credited on the sentence for pre-sentence confinement, and the trial court's failure to conduct an evidentiary hearing

to determine the appropriate amount of credit. Because we find the pertinent information is available without a hearing, we hold the trial court did not err in failing to conduct a hearing. We hold the trial court properly recorded on the judgment only time actually served in jail, and that the trial court did not err in failing to reflect time spent on trusty status. However, because we find an error in the judgment regarding the dates for which the appellant is entitled to flat time credits, we reform the judgment.

Issues one through three present the equal protection argument that the appellant is entitled to have the same good conduct time credited against his maximum sentence as are other similarly situated county jail detainees who are: 1) unable to post bond while awaiting trial; 2) awaiting transfer to the state penitentiary; and 3) awaiting disposition of their cases. In support of his claims, the appellant relies upon cases such as *Ex parte Harris,* 946 S.W.2d 79, 80 (Tex.Crim.App.1997), which held the equal protection clause of the Fourteenth Amendment requires that an indigent inmate receiving the maximum sentence must be credited with pre-trial jail time otherwise discretionary with the trial court; *Ex parte Gomez,* 15 S.W.3d 103, 104 (Tex.Crim.App.2000), in which the Court of Criminal Appeals ordered the Department of Criminal Justice to ensure that the applicant be considered for good conduct credit for pre-trial time spent in a juvenile detention facility; and *In re Cortez,* 143 S.W.3d 265, 267–68 (Tex.App.-San Antonio 2004, orig. proceeding), where the intermediate appellate court held the trial court could not order a jail sentence to be served "day for day" because a trial court has no authority to issue a sentence that limits the operation of statutes governing good time credit. In his case, however, the appellant invokes cases limiting the

trial court's discretion in awarding credit for time served to support his claim that the trial court has a duty to award good conduct credit. Specifically, Odneal contends the trial court erred in failing to record on the judgment credit against the appellant's ten-year sentence for "good conduct time and Trusty time" accrued during his confinement in the county jail. Odneal asks this Court to reform his sentence to reflect an additional 692 days of time credit for the 331 days he spent in the county jail during the pendency of the cause.

■ The fundamental difference between the nature of time served and good conduct time presents an insurmountable obstacle to the underlying premise for appellant's argument. "Good conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004). The trial court was not required to credit good conduct time against the sentence because good conduct time does not reduce the sentence to be served. Unlike time served, or "flat time," good conduct time is not a required recital for a judgment in a criminal case. See TEX.CODE CRIM. PROC. ANN. 42.01, § 1 (Vernon Supp.2005) ("The judgment should reflect: ... 18. The date sentence is to commence and any credit for time served"). Furthermore, the trial court does not award good conduct time. An inmate's good conduct time is awarded—and forfeited—by the Department of Criminal Justice. See TEX. GOV'T CODE ANN. § 498.003(e) (Vernon 2004). The sheriff has sole discretion in evaluating the inmate's behavior while confined in a county jail facility, but the trial court's role in the procedure for crediting good

time is limited to "direct[ing] the sheriff to attach to the commitment papers a statement assessing the defendant's conduct while in jail." TEX.CODE CRIM. PROC. ANN. 42.03, § 4 (Vernon Supp.2005). In this context, the trial court had neither the right nor the duty to award good conduct time or to assess the appellant's conduct while in jail; therefore, the court did not abuse its discretion by failing to include in the judgment an order for time credit for good conduct.

■ In his fourth issue, the appellant contends the trial court erred in failing to add good conduct time to the credit for time served in the county jail and in failing to take statutorily required steps that would enable Odneal to receive good conduct time credit on his sentence. Odneal contends the trial court failed to direct the sheriff to comply with Article 42.03, § 4, and suggests that his commitment papers do not include the sheriff's assessment.[1] The record does not support his claim that he was transferred to the Department without the required assessment, because Odneal's commitment papers are not included in the clerk's record and the lack of such an assessment was not raised in the trial court. Furthermore, the "Motion for New Trial" asserts Odneal's claim for good time credit but never mentions the trial court's failure to issue a directive to the sheriff. A complaint must be raised in the trial court as a prerequisite to presenting a complaint for appellate review. Tex. R.App. P. 33.1(a). The alleged error is not preserved.

■ The appellant also contends that the judgment does not properly record his "flat-time" credit for the confinement in the county jail on this cause. The appellant was arrested on October 13, 2001, the

---

1. Odneal may have been transferred to Department custody during the pendency of this appeal. See TEX.CODE CRIM. PROC. ANN. 42.09, § 4 (Vernon Supp.2005).

date of the offense, and was apparently released on October 17, 2001. He was re-arrested on April 1, 2003, and remained in custody until the trial court placed the appellant on community supervision on November 3, 2003. The appellant then served ten days of confinement in the county jail as a condition of community supervision. Because appellant was granted community supervision in a prosecution for driving while intoxicated, the trial court did not have the discretion to grant credit off the sentence for the time served as a condition of probation. TEX.CODE CRIM. PROC. ANN. 42.12, § 13(e) (Vernon Supp.2005) ("The confinement imposed shall be treated as a condition of community supervision, and in the event of a sentence of confinement upon the revocation of community supervision, the term of confinement served may not be credited toward service of such subsequent confinement."). Although properly recorded on the community supervision judgment, the judgment entered upon revocation erroneously recites that the appellant is entitled to credit for the time served from November 4, 2003, to November 13, 2003, as a condition of DWI community supervision. The appellant was again taken into custody on December 22, 2004, and remained in custody until March 7, 2005, when the sentence commenced. Odneal contends he is entitled to credit on his sentence for the time spent in the county jail from March 7, 2005, to April 4, 2005, the date of a letter generated by the sheriff's department. The letter indicated that the appellant was still in county custody on April 4, 2005. Nevertheless, the judgment recited that the sentence commenced March 7, 2005, so there is no need for the trial court to record the same information twice in the same document. The appellant is entitled to credit for time served in the county jail from October 13, 2001, to October 17, 2001; April 1, 2004, to November 3, 2004; and

December 22, 2004, to March 7, 2005, for a total of 298 days served prior to sentencing.

 The fifth issue urges the trial court erred in failing to conduct an evidentiary hearing in which the appellant could present evidence on his motion for new trial. A revocation proceeding is not a "trial" and a rehearing of the motion would not result in the setting aside of a finding of guilt. See *Ochoa v. State*, 536 S.W.2d 233, 234 (Tex.Crim.App.1976); TEX.R.APP. P. 21.1. The Court of Criminal Appeals has noted that while "a trial judge was not without authority to grant leave to file a motion for new trial or to grant it," that "no rule requires the trial court to consider a motion for new trial" in a probation revocation proceeding. *Ochoa*, 536 S.W.2d at 234. In any event, a defendant is only entitled to a hearing on a motion for new trial if the motion and accompanying affidavits "rais[e] matters not determinable from the record, upon which the accused could be entitled to relief." *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993). The purpose of the hearing is to give the defendant an opportunity to fully develop the matters raised in his motion, and a hearing is required if the motion and affidavits reflect that reasonable grounds exist for holding that the requested relief could be granted. See *Martinez v. State*, 74 S.W.3d 19, 22 (Tex.Crim.App.2002). In this case, the motion for new trial was supported by an affidavit that was not made on personal knowledge. Furthermore, the time served in the county jail was discernable from the record, and the claim for a judicial determination of good conduct credit was not a claim presenting reasonable grounds upon which relief could be granted. Under these circumstances, the trial court could reasonably deny appellant a hearing on his motion for new trial.

We reform the judgment to reflect credit for time served from October 13, 2001, to October 17, 2001; from April 1, 2004, to November 3, 2004; and from December 22, 2004, to March 7, 2005. The other issues raised in the appellant's brief are overruled, and the judgment is affirmed as reformed.

AFFIRMED AS REFORMED.