In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-114 CR


____________________



KENNETH KEITH ODNEAL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 85659






OPINION


 Kenneth Keith Odneal appeals the revocation of his community supervision. The
trial court originally convicted Odneal of felony driving while intoxicated with an open
container in the vehicle and imposed a ten-year prison sentence, then suspended the
imposition of the sentence and placed Odneal on community supervision for ten years.
After Odneal pleaded true to the allegations in the State's motion to revoke, the trial court
ordered Odneal to serve his entire sentence of incarceration. The five issues raised in this
appeal relate to the time credited on the sentence for pre-sentence confinement, and the
trial court's failure to conduct an evidentiary hearing to determine the appropriate amount
of credit. Because we find the pertinent information is available without a hearing, we
hold the trial court did not err in failing to conduct a hearing. We hold the trial court
properly recorded on the judgment only time actually served in jail, and that the trial court
did not err in failing to reflect time spent on trusty status. However, because we find an
error in the judgment regarding the dates for which the appellant is entitled to flat time
credits, we reform the judgment.

 Issues one through three present the equal protection argument that the appellant is
entitled to have the same good conduct time credited against his maximum sentence as are
other similarly situated county jail detainees who are: 1) unable to post bond while
awaiting trial; 2) awaiting transfer to the state penitentiary; and 3) awaiting disposition of
their cases. In support of his claims, the appellant relies upon cases such as Ex parte
Harris, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997), which held the equal protection
clause of the Fourteenth Amendment requires that an indigent inmate receiving the
maximum sentence must be credited with pre-trial jail time otherwise discretionary with
the trial court; Ex parte Gomez, 15 S.W.3d 103, 104 (Tex. Crim. App. 2000), in which
the Court of Criminal Appeals ordered the Department of Criminal Justice to ensure that
the applicant be considered for good conduct credit for pre-trial time spent in a juvenile
detention facility; and In re Cortez, 143 S.W.3d 265, 267-68 (Tex. App.--San Antonio
2004, orig. proceeding), where the intermediate appellate court held the trial court could
not order a jail sentence to be served "day for day" because a trial court has no authority
to issue a sentence that limits the operation of statutes governing good time credit. In his
case, however, the appellant invokes cases limiting the trial court's discretion in awarding
credit for time served to support his claim that the trial court has a duty to award good
conduct credit. Specifically, Odneal contends the trial court erred in failing to record on
the judgment credit against the appellant's ten-year sentence for "good conduct time and
Trusty time" accrued during his confinement in the county jail. Odneal asks this Court to
reform his sentence to reflect an additional 692 days of time credit for the 331 days he
spent in the county jail during the pendency of the cause. 

 The fundamental difference between the nature of time served and good conduct
time presents an insurmountable obstacle to the underlying premise for appellant's
argument. "Good conduct time applies only to eligibility for parole or mandatory
supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an
inmate's term." Tex. Gov't Code Ann. § 498.003(a) (Vernon 2004). The trial court
was not required to credit good conduct time against the sentence because good conduct
time does not reduce the sentence to be served. Unlike time served, or "flat time," good
conduct time is not a required recital for a judgment in a criminal case. See Tex. Code
Crim. Proc. Ann. 42.01, § 1 (Vernon Supp. 2005) ("The judgment should reflect: . . . 
18. The date sentence is to commence and any credit for time served"). Furthermore, the
trial court does not award good conduct time. An inmate's good conduct time is awarded
- and forfeited - by the Department of Criminal Justice. See Tex. Gov't Code Ann. §
498.003(e) (Vernon 2004). The sheriff has sole discretion in evaluating the inmate's
behavior while confined in a county jail facility, but the trial court's role in the procedure
for crediting good time is limited to "direct[ing] the sheriff to attach to the commitment
papers a statement assessing the defendant's conduct while in jail." Tex. Code Crim.
Proc. Ann. 42.03, § 4 (Vernon Supp. 2005). In this context, the trial court had neither
the right nor the duty to award good conduct time or to assess the appellant's conduct
while in jail; therefore, the court did not abuse its discretion by failing to include in the
judgment an order for time credit for good conduct.

 In his fourth issue, the appellant contends the trial court erred in failing to add good
conduct time to the credit for time served in the county jail and in failing to take statutorily
required steps that would enable Odneal to receive good conduct time credit on his
sentence. Odneal contends the trial court failed to direct the sheriff to comply with Article
42.03, § 4, and suggests that his commitment papers do not include the sheriff's
assessment. (1) The record does not support his claim that he was transferred to the
Department without the required assessment, because Odneal's commitment papers are not
included in the clerk's record and the lack of such an assessment was not raised in the trial
court. Furthermore, the "Motion for New Trial" asserts Odneal's claim for good time
credit but never mentions the trial court's failure to issue a directive to the sheriff. A
complaint must be raised in the trial court as a prerequisite to presenting a complaint for
appellate review. Tex. R. App. P. 33.1(a). The alleged error is not preserved. 

 The appellant also contends that the judgment does not properly record his "flat-time" credit for the confinement in the county jail on this cause. The appellant was
arrested on October 13, 2001, the date of the offense, and was apparently released on
October 17, 2001. He was re-arrested on April 1, 2003, and remained in custody until the
trial court placed the appellant on community supervision on November 3, 2003. The
appellant then served ten days of confinement in the county jail as a condition of
community supervision. Because appellant was granted community supervision in a
prosecution for driving while intoxicated, the trial court did not have the discretion to grant
credit off the sentence for the time served as a condition of probation. Tex. Code Crim.
Proc. Ann. 42.12, § 13(2)(e) (Vernon Supp. 2005) ("The confinement imposed shall be
treated as a condition of community supervision, and in the event of a sentence of
confinement upon the revocation of community supervision, the term of confinement
served may not be credited toward service of such subsequent confinement."). Although
properly recorded on the community supervision judgment, the judgment entered upon
revocation erroneously recites that the appellant is entitled to credit for the time served
from November 4, 2003, to November 13, 2003, as a condition of DWI community
supervision. The appellant was again taken into custody on December 22, 2004, and
remained in custody until March 7, 2005, when the sentence commenced. Odneal
contends he is entitled to credit on his sentence for the time spent in the county jail from
March 7, 2005, to April 4, 2005, the date of a letter generated by the sheriff's department.
The letter indicated that the appellant was still in county custody on April 4, 2005. 
Nevertheless, the judgment recited that the sentence commenced March 7, 2005, so there
is no need for the trial court to record the same information twice in the same document. 
The appellant is entitled to credit for time served in the county jail from October 13, 2001,
to October 17, 2001; April 1, 2004, to November 3, 2004; and December 22, 2004, to
March 7, 2005, for a total of 298 days served prior to sentencing. 

 The fifth issue urges the trial court erred in failing to conduct an evidentiary hearing
in which the appellant could present evidence on his motion for new trial. A revocation
proceeding is not a "trial" and a rehearing of the motion would not result in the setting
aside of a finding of guilt. See Ochoa v. State, 536 S.W.2d 233, 234 (Tex. Crim. App.
1976); Tex. R. App. P. 21.1. The Court of Criminal Appeals has noted that while "a trial
judge was not without authority to grant leave to file a motion for new trial or to grant it,"
that "no rule requires the trial court to consider a motion for new trial" in a probation
revocation proceeding. Ochoa, 536 S.W.2d at 234. In any event, a defendant is only
entitled to a hearing on a motion for new trial if the motion and accompanying affidavits
"rais[e] matters not determinable from the record, upon which the accused could be
entitled to relief." Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). The
purpose of the hearing is to give the defendant an opportunity to fully develop the matters
raised in his motion, and a hearing is required if the motion and affidavits reflect that
reasonable grounds exist for holding that the requested relief could be granted. See 
Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002). In this case, the motion for
new trial was supported by an affidavit that was not made on personal knowledge. 
Furthermore, the time served in the county jail was discernable from the record, and the
claim for a judicial determination of good conduct credit was not a claim presenting
reasonable grounds upon which relief could be granted. Under these circumstances, the
trial court could reasonably deny appellant a hearing on his motion for new trial. 

 We reform the judgment to reflect credit for time served from October 13, 2001,
to October 17, 2001; from April 1, 2004, to November 3, 2004; and from December 22,
2004, to March 7, 2005. The other issues raised in the appellant's brief are overruled, and
the judgment is affirmed as reformed.

 AFFIRMED AS REFORMED.

 _____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on August 2, 2005

Opinion Delivered August 24, 2005

Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Odneal may have been transferred to Department custody during the pendency of
this appeal. See Tex. Code Crim. Proc. Ann. 42.09, § 4 (Vernon Supp. 2005).