# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00423-CR

### Ex parte William Charles Taylor

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-DC-07-300708-D, HONORABLE BOB PERKINS, JUDGE PRESIDING**

---

## NO. 03-11-00551-CV

### In re William Charles Taylor

---

**ORIGINAL PROCEEDING FROM TRAVIS COUNTY**

---

## M E M O R A N D U M   O P I N I O N

Appellant filed a post-conviction application for writ of habeas corpus with the district court pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (West Supp. 2010). On May 18, 2011, the district court issued findings of fact and conclusions of law, recommended that the application be dismissed, and ordered the district clerk to prepare and forward the record to the court of criminal appeals. Taylor has filed a pro se notice of appeal from this order, and this Court has assigned cause number 03-11-00423-CR to his appeal.

Subsequently, Taylor filed a petition for writ of mandamus, which was assigned cause number 03-11-00551-CV, complaining of the district court's refusal to rule on his request for the

appointment of appellate counsel pursuant to article 1.051 of the Texas Code of Criminal Procedure. *See id*. art. 1.051(d) (West Supp. 2010). However, Taylor has failed to file any record of the request at issue. *See* Tex. R. App. P. 52.3(1)(a) (requiring relator to include appendix with petition containing "certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to relator's claim for relief").

For the following reasons, we dismiss Taylor's criminal appeal for want of jurisdiction and deny his petition for writ of mandamus without prejudice.

**Cause number 03-11-00423-CR**

In cause number 03-11-00423-CR, Taylor seeks to appeal from the trial court's findings of fact, recommendation, and order to transmit the record related to Taylor's post-conviction application for writ of habeas corpus. This Court does not have appellate jurisdiction over the order Taylor is attempting to appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§3, 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding that intermediate appellate court improperly granted mandamus relief because court of criminal appeals is "the only court with jurisdiction in final post-conviction felony proceedings"). Once an application for writ of habeas corpus has been filed under article 11.07, the trial court makes any necessary findings of fact then forwards its findings and the record to the court of criminal appeals for a final ruling on the application for relief. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 3.

The record reflects that the trial court followed this procedure and that the court of criminal appeals denied the requested relief on July 13, 2011. The court of criminal appeals has

exclusive jurisdiction to determine the merits of an application for writ of habeas corpus under article 11.07.  *See id.*

Because we lack jurisdiction over the challenged order, this appeal is dismissed.

**Cause number 03-11-00551-CV**

Cause number 03-11-00551-CV is Taylor's petition for writ of mandamus, complaining of the trial court's alleged failure to rule on his motion requesting court-appointed appellate counsel. *See id*. art. 1.051(d).  We deny the petition.

When a motion is properly filed and pending before a trial court, the act of considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).  To obtain mandamus relief compelling the trial court to act on the motion, a relator must establish that (1) a properly filed motion has been pending for an unreasonable time and (2) the matter was brought to the attention of the trial court and the trial court failed or refused to rule.  *In re Layton*, 257 S.W.3d at 795.  Merely filing a motion with a district or trial court clerk does not equate to a request that the trial court rule upon the motion.  *In re Hearn*, 137 S.W.3d at 685.

The relator has the burden of providing a record establishing his right to mandamus relief.  *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding).  In this case, Taylor has not provided this Court with any record concerning the motion that is the basis of his request for relief.  Without this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge.

3

Accordingly, we cannot determine whether a properly filed motion has been pending for an unreasonable amount of time. Further, without a record of a request for a ruling, we cannot determine whether the matter was brought to the attention of the trial court. *See* Tex. R. App. P. 52.7.[1]

Because Taylor has failed to demonstrate his right to relief, the petition for writ of mandamus is denied without prejudice.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

03-11-00423-CR    Dismissed for Want of Jurisdiction

03-11-00551-CV    Denied Without Prejudice

Filed:  January 27, 2012

Do Not Publish

_____

[1]  We note that the record in Taylor's appeal, cause number 03-11-00423-CR, contains a request for appointment of counsel pursuant to article 1.051, Texas Code of Criminal Procedure, filed in the district court on August 4, 2011. Assuming that this document is the request at issue in this mandamus proceeding, and that this Court could properly consider this document, we still could not grant Taylor his requested relief. *See In re Cortez*, 143 S.W.3d 265, 268 n.6 (Tex. App.—San Antonio 2004, orig. proceeding) (considering material outside of mandamus record for limited purpose of determining jurisdiction). The Texas Court of Criminal Appeals has exclusive jurisdiction over matters related to post-conviction relief from final felony convictions. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [14th Dist.] 2001, orig. proceeding); *see In re Trevino*, 79 S.W.3d 794, 795 (Tex. App.—Corpus Christi 2002, orig. proceeding) (holding that court of appeals did not have jurisdiction to issue mandamus directing district court to forward copy of transcripts to inmate for purposes of pursuing post-conviction relief). As a result, this Court has no authority to issue writs of mandamus in criminal law matters related to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d at 717.

4